ACCEPTED
03-16-00718-CV
14542563
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/3/2017 6:00:01 PM
JEFFREY D. KYLE
CLERK

**NO. 03-16-00718-CV**

_____

**IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT**

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/3/2017 6:00:01 PM
JEFFREY D. KYLE
Clerk

**IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION:
TCAA ENFORCEMENT CASE**

_____

**VOLKSWAGEN GROUP OF AMERICA, INC. AND PORSCHE CARS
NORTH AMERICA, INC.'S MOTION TO EXPEDITE THEIR MOTION
TO STAY MDL COURT PROCEEDINGS AND EMERGENCY REQUEST
FOR TEMPORARY STAY DURING THE PENDENCY OF THEIR STAY
MOTION**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Since Volkswagen Group of America, Inc. ("VWGoA") and Porsche Cars North America, Inc. ("Porsche") filed their Motion to Stay MDL Court Proceedings (the "Motion to Stay"), the State of Texas filed a Motion to Compel Discovery from VWGoA (about which the parties are scheduled to meet and confer next week), and also sent a letter requesting to schedule numerous depositions. VWGoA and Porsche accordingly file this Motion to Expedite a ruling on their Motion to Stay MDL Court Proceedings. VWGoA and Porsche further request a temporary stay of all proceedings in the MDL Court pending a determination of their Motion to Stay.

1

**I.**

**Since VWGoA and Porsche Filed Their Stay Motion, Plaintiffs Have Requested Six Depositions**

On December 28, 2016, Lead Counsel for the TCAA County Plaintiffs and Government Liaison Counsel sent a letter to counsel for VWGoA and Porsche requesting six depositions and proposing dates for those depositions in early 2017.[1] That deposition letter-request was in violation of the stay described in VWGoA and Porsche's Motion to Stay. Unless the instant Motion to Stay is decided with expedition, VWGoA, current and former employees of VWGoA and its affiliates, and third parties will be required to schedule those depositions, participate in deposition preparation, and potentially even be deposed, all in derogation of the stay.

VWGoA and Porsche accordingly request that this Court expedite a ruling on their Motion to Stay. Further, VWGoA and Porsche request that the Court enter a temporary stay of all proceedings in cause number D-GN-16-000370 until their Motion to Stay is decided.

---

[1] The letter is attached hereto and incorporated herein for all purposes as Exhibit "A."

## II.

**Since VWGoA and Porsche Filed Their Stay Motion, the State Has Continued to Request Other Discovery, Including Through Interrogatories and Requests for Admissions**

Today, the State filed a 147-page Motion to Compel VWGoA to Respond to the State's First Set of Interrogatories and Requests for Admission.[2] While that motion is not yet set for hearing, the parties are scheduled to meet and confer regarding VWGoA's discovery responses, as well as the State's Motion to Compel, next week. Unless the instant Motion to Stay is decided with expedition, VWGoA will be required to meet and confer with the State regarding its discovery responses, amend its discovery responses during the pendency of VWGoA's appeal, and potentially engage in oral argument on the State's Motion to Compel, all in violation of the stay.

VWGoA accordingly requests that this Court expedite a ruling on its Motion to Stay for this additional reason. Further, VWGoA requests that the Court enter a temporary stay of all proceedings in cause number D-GN-16-000370 until its Motion to Stay is decided.

---

[2] The Motion is attached hereto and incorporated herein for all purposes as Exhibit "B." Although the Certificate of Conference states the motion was e-filed and e-served on December 30, 2016, VWGoA was not served with the motion until today.

## III.

### Conclusion & Prayer

For the above reasons, VWGoA and Porsche request the Court expedite their Motion to Stay MDL Court Proceedings and enter a temporary stay of all proceedings in cause number D-GN-16-000370 until the their Motion to Stay is decided.

Respectfully submitted,

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER
DREYER LLP**
800 North Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

5

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC**

And

**DARREN L.MCCARTY**
State Bar No. 24007631
darren.mccarty@alston.com

**ALSTON & BIRD LLP**
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
(214) 922-3400 –Telephone
(214) 922-3899 –Facsimile

**COUNSEL FOR PORSCHE CARS NORTH AMERICA, INC.**

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on the 3rd day of January, 2017, counsel for VWGoA attempted to confer with counsel for the State of Texas and counsel for the counties involved in TCAA Enforcement Case MDL, Cause No. D-1-GN-16-000370 via email. Neither counsel for the State nor counsel for the counties have responded to VWGoA's counsel's email at the time this motion was filed, but both have previously indicated their opposition to a stay of all proceedings in the MDL Court.

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2017, a true and correct copy of this pleading was served in accordance with the Texas Rules of Appellate Procedure on all known counsel of record.

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

# EXHIBIT A



**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

December 28, 2016

C. Vernon Hartline, Jr.
Hartline Dacus Barger Dreyer LLP
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
*via email: vhartline@hdbdlaw.com*

Darren L. McCarty
Alston & Bird
2828 N. Harwood Street, Suite 1800
Dallas, Texas 75201
*via email: darren.mccarty@alston.com*

**Re:** **Master File No. D-1-GN-16-000370;** *In re Volkswagen Clean Diesel Litigation* **(MDL 15-0884); 353ʳᵈ District Court of Travis County, Texas.**

**Master File No. D-1-GN-16-000449;** *In re Volkswagen Clean Diesel Litigation* **(MDL 15-0884); 353ʳᵈ District Court of Travis County, Texas.**

Dear Counsel:

We write to advise you that the members of the Plaintiffs' Leadership intend to take the depositions of the following witnesses in Texas MDL proceedings in the order listed:

1. Michael Horn
2. Stuart Johnson
3. Oliver Schmidt
4. Matthias Barke
5. Christopher Grundler
6. Corporate Representative to be designated

In accordance with Paragraph 5 of the "Participation in Depositions Taken in the Federal MDL" agreement filed with the Travis County District Court on November 2, 2016, we intend to provide notices for the above listed deponents. However, in advance of providing notice we wanted to propose the following potential deposition dates that are acceptable to Plaintiffs' Leadership:

February 13-17, 2017

February 20-24, 2017

February 27-28, 2017

March 1-3, 2017

March 6-10, 2017

Please let us know which of the above dates are workable for you and the witnesses listed.

Best regards,

*/s/ Richard Warren Mithoff*                     */s/ Patrick K. Sweeten*
Richard Mithoff                                          Patrick K. Sweeten
Lead Counsel for TCAA County Plaintiffs    Government Liaison Counsel


cc:      Craig Patrick, *via email*

# EXHIBIT B

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL | § | IN THE DISTRICT COURT |
| LITIGATION: TCAA ENFORCEMENT | § | |
| CASES | § | |
| | § | TRAVIS COUNTY, TEXAS |
| TRAVIS COUNTY, TEXAS (TRAVIS | § | |
| COUNTY CAUSE NUMBER D-1-GN-15- | § | |
| 004513) | § | 353rd JUDICIAL DISTRICT |

### STATE OF TEXAS' MOTION TO COMPEL VOLKSWAGEN TO RESPOND TO ITS FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION

On June 3, 2016, the State of Texas ("State") served its first written discovery requests on Defendant Volkswagen Group of America, Inc. ("Volkswagen"). These initial discovery requests consisted of 14 interrogatories and 16 requests for admission. Volkswagen served its responses on August 17, 2016, and served amended responses on September 19, 2016 and October 3, 2016. The State sent four separate letters to Volkswagen detailing the improper objections forwarded by Volkswagen, and the inadequate substantive responses. Each of those letters, and additional email correspondence, included requests to confer with Volkswagen on these issues. Volkswagen rebuffed the State's overtures to confer.[1]

There are three major issues with the responses made by Volkswagen:

- Volkswagen begins their response with a list of objections which they assert apply to each request. However, Volkswagen also asserts some of these same objections to some, but not all, of the specific requests. Further, Volkswagen includes improper objections in this laundry list of objections that apply to all requests. Pursuant to TRCP 193.2(a), the party must state specifically the legal or factual basis for any objection, and the extent to which

---

[1] Volkswagen responded to the State's latest request to confer, sent on December 7, 2016, by stating: "[W]e believed (and still do believe) the State's Appeal Stays the TCAA MDL." This despite the fact that at the December 2, 2016 status hearing, the Court held that the State's environmental cause is not stayed.

the party is refusing to comply with the request. If Volkswagen has any valid objections, those have been thoroughly obscured by the use of a laundry list of objections, some of them improper, that purport to apply to each request, and the practice of asserting some of those same objections to specific discovery requests in many, but not all instances. An objection obscured by numerous unfounded objections is waived unless the court excuses the waiver for good cause shown. TRCP 193.2(e).

- Volkswagen objects to many of the State's requests on the basis of privilege. In response to discovery requests, Volkswagen, pursuant to TRCP 193.3, may assert a privilege. Volkswagen must then follow the requirements of TRCP 193.3, and cannot avoid those requirements by "objecting" on the grounds of privilege. In addition to failing to follow the requirements of TRCP 193.3 when mounting a privilege "objection," Volkswagen asserts that the subject matter of the State's requests are privileged by virtue of Volkswagen's German parent-company convening an "independent" investigation of the operative facts by a law firm. Ex post facto investigation by one's parent-company does not create a privilege not to disclose facts relevant to the litigation. Volkswagen must respond to such inquiries as "Who at Volkswagen Group of America, Inc. had knowledge of the defeat devices prior to September 18, 2015?"[2] with the facts known to the corporation. It cannot properly respond by asserting a "privilege" because Volkswagen has communicated with counsel regarding these facts, or is aware of its parent-company's investigation of itself and its role in the "clean diesel" matter.

- In response to some interrogatories, Volkswagen chose to respond that documents exist that contain the response. This is permissible under the TRCP 197.2(c); what is not

---

[2] A paraphrase for brevity of State's Interrogatory 5; *see* Exhibit A, attached.

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories**       **Page 2 of 19**

permissible is to fail to adequately specify and, if applicable, produce or otherwise make available the documents which contain the response—but that is what Volkswagen has done in some instances. Until Volkswagen "specifie(s) in sufficient detail to permit [the State] to locate and identify" the answer in produced or otherwise publicly-available documents "as readily as can [Volkswagen]," it has not provided a response. Further, if the information requested is not privileged, then Volkswagen cannot create a privilege as to the information by opting to produce documents in lieu of an answer, but then withholding the documents on the basis of a "privilege."

Volkswagen has "successfully" used the above tactics to avoid responding to the State's discovery requests which were properly propounded, and reasonably seek information relevant to this litigation. The State is entitled to a full and complete response to its discovery requests and therefore prays that this Court will enter an Order requiring Volkswagen to withdraw its laundry list of unfounded objections; properly, and only when valid, assert privilege and follow the requirements of TRCP 193.3; and provide a narrative response to discovery requests rather than seeking a privileged document to refer to, yet fail to produce as a means to avoid responding to proper request for unprivileged factual information.

## BACKGROUND

1.      On June 3, 2016, the State served its First Written Discovery Requests on Volkswagen, including 14 interrogatories and 16 requests for admissions. Attached as Exhibit A.

2.      On August 17, Volkswagen served its responses and invited the State to meet and confer to discuss. Volkswagen began its response with the 18 "Objections Applicable to All Responses," rather than making a specific objection for each item it wished to exclude, as required by TRCP 193.2(a). Further, Volkswagen provided incomplete answers to the first four

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories          Page 3 of 19**

Interrogatories, no substantive answers to Interrogatories 5-9 and 11-14, and answers for RFA's 15 and 16. Attached as Exhibit B. The State notified Volkswagen that its responses were inadequate by a letter dated September 13, 2016. Attached as Exhibit C. In the letter, the State accepted Volkswagen's invitation to meet and confer regarding the responses, providing several possible dates and offering to agree on other possible dates. Volkswagen declined to meet.

3.     Instead, Volkswagen amended its responses on September 19, 2016. Attached as Exhibit D. However, the responses were still inadequate. Volkswagen continued to assert "Objections Applicable to All Responses," rather than making a specific objection for each item it wished to exclude, as required by TRCP 193.2(a). Volkswagen continued to provide incomplete answers to the first four Interrogatories, and no substantive answers to Interrogatories 5-9 and 11-14. Furthermore, Volkswagen, in its amended response, withdrew responses previously provided by it to RFAs. In its amended response, Volkswagen provided no answers for RFA's 1-6, 15, and 16, to which they had previously responded. The State sent a letter notifying Volkswagen of the inadequacies on September 21, 2016, again offering to meet and confer about the responses. Attached as Exhibit E. Volkswagen did not respond to the offer to meet, but instead exchanged e-mail correspondences with the State on September 25, 2016, ultimately failing to fully address the State's concerns.

4.     In response to the State's letter and e-mail correspondences, Volkswagen provided its own letter in an attempt to address the State's continued concerns with Volkswagen's responses. Attached as Exhibit F. However, the letter failed to do so. For example, Volkswagen addressed the State's concerns regarding Volkswagen's objections to requests for information on the basis of an alleged ongoing "independent" investigation by Volkswagen AG of Volkswagen Group of America, Inc., by stating "Because the ongoing investigation is being undertaken by the

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories          Page 4 of 19**

Supervisory Board of an affiliated company (not VWGoA), VWGoA does not possess knowledge of the facts discovered as a result of that investigation at this time." *See* Exhibit F. The State isn't asking what Volkswagen AG, as part of its investigation of its affiliate, discovered about what VWGoA knew about the "clean diesel" matter, it is asking what VWGoA knew and knows about the "clean diesel" matter, and VWGoA still knows what it knew and knows about the "clean diesel" matter, despite sharing that knowledge with VW AG as part of VW AG's investigation of VWGofA. To assert otherwise is patently absurd.

5.      Nonetheless, Volkswagen provided its Second Amended Responses on September 29, 2016. Attached as Exhibit G. The "Objections Applicable to All Responses" remain, along with numerous unanswered requests. While Volkswagen's responses had now been amended a second time, Volkswagen had still not fully addressed the State's concerns. Therefore, the State again highlighted the issue in a letter dated October 17, 2016, and asked to meet and confer. Attached as Exhibit H. Volkswagen, again, did not address the State's request to meet and confer.

6.      The State sent its fourth letter on the matter on November 18, 2016. Attached as Exhibit I. In the letter, the State offered again to meet and confer prior to filing a motion with the Court, as required by the Coordination Order entered in this MDL on October 7, 2016. Volkswagen responded that the MDL was stayed and declined to meet and confer.

7.      The State's requested discovery is reasonably calculated to lead to the discovery of admissible evidence. Specifically, the State seeks to learn which of the affected vehicles were sold in Texas, when, where, and by whom. The State's discovery also seeks to understand the working of the "defeat devices" which were installed in Volkswagen vehicles for the express purpose of circumventing environmental laws, according to sworn testimony before Congress by

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories        Page 5 of 19**

Volkswagen's former CEO, Michael Horn. Furthermore, the State's discovery also seeks to narrow the facts in issue in this litigation, which is directly aligned with the MDL's goal of efficiency.

<strong>ARGUMENT & AUTHORITIES</strong>

8. A party must respond to written discovery in writing within the time provided by court order or the Texas Rules of Civil Procedure. Tex. R. Civ. P. 193.1. A court may compel a party to respond adequately to discovery requests. Tex. R. Civ. P. 215.1(b). Volkswagen failed to respond adequately to Interrogatories 1-12 and RFA's 1-6, 15, and 16.

9. **Objections Applicable to All Requests.** In Volkswagen's "Objections Applicable to All Requests," Exhibit B, page 6-7, it objects that it cannot respond to the State's requests because it may not have sufficient information to fully respond or that responding would "unduly burden" and disrupt an investigation by its German parent company. While characterized as an "Objection Applicable to All Requests," Volkswagen nonetheless reasserts this objection individually to some requests (Interrogatories 5, 6, and 8-10 and RFA's 1-4). For that reason, it is unclear to which responses the objection actually applies. In the event that Volkswagen cannot fully respond, TRCP 193.2(b) requires it to partially respond to extent it does not object. Volkswagen makes the conclusory allegation that responding to whichever requests are subject to this objection would unduly burden and disrupt an "independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA." The person resisting discovery has the burden to plead and prove that the request will impose an undue burden. *ISK Biotech Corp. v. Lindsay,* 933 S.W.2d 565, 568-69 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding). To prove undue burden, the person resisting discovery must do more than make conclusory allegations that the requested discovery is unduly burdensome. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex.1999). However, Volkswagen provides neither explanation nor

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories Page 6 of 19**

evidence of any such burden, aside from a skeletal reference to an internal investigation of an unrelated party, a wholly insufficient basis for resisting discovery in this matter. The Court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist.

10. **Objections Based on Meaning of Terms:** Also in Volkswagen's "Objections Applicable to All Responses" is Volkswagen's objection to the terms "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions." In that section, Volkswagen purports that it will "construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language." Volkswagen again asserts the objection in response to Interrogatories 5-10 and RFA's 1-6, 15, and 16. Given that Volkswagen has indicated it will construe these terms consistently with their usual and generally accepted meaning, these objections should be struck as they are unfounded and serve to obscure any valid objections that may exist.[3]

11. **Failure to Respond to Interrogatories 1-4.** Volkswagen refused to fully respond to Interrogatories 1-4. Interrogatories 1-4 seek the following information for each affected vehicle sold in Texas: the date of sale, the VIN of the affected vehicle, the name and address of the person who sold the affected vehicle, and the specific location where the affected vehicle was sold. The information is directly related and clearly relevant to the claims at issue in this matter. In lieu of an answer, Volkswagen references documents it previously produced in the Federal MDL proceeding, documents which it represents contain the requested information. The documents do

---

[3] Following directly on the "Objections Applicable to All Requests" is a paragraph entitled "Withholding Statement Applicable to Any Assertion of Privilege." In this paragraph, Volkswagen represents that it will provide privilege logs in accordance with the schedule set forth in PTO 16 entered in the Federal MDL proceeding. Parties to the Texas MDL are not parties to that Order, nor has that order or its analog been signed by this Court in these Texas MDL proceedings. Therefore, the TRCP and Orders by this Court, if any, govern the production of privilege logs by the parties to this Texas MDL.

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories**     **Page 7 of 19**

not contain all of the requested information. The State notified Volkswagen of this deficiency in writing and Volkswagen asked the State to specify which information is missing. The State specified which information is missing in a letter dated November 18, 2016, attached as Exhibit I, but Volkswagen has failed to provide a complete response. Texas Rules of Civil Procedure 193.1 requires the party to make a "complete response" to a discovery request. Volkswagen should be required to provide a complete response by supplementing its responses with the missing information.

12. **Failure to Respond to Interrogatory 5.** Volkswagen refused to respond to Interrogatory 5. Interrogatory 5 requests the following information about Volkswagen representatives with knowledge of the emission control equipment at issue in this matter: the job title, name, and address (work location) of the Volkswagen representative, the date on which the Volkswagen representative first became aware that any affected vehicles were equipped with a the emission control equipment at issue in this matter, and from where or whom the Volkswagen representative learned of such. Volkswagen first objects that the request "is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place." Volkswagen's use of "or" makes it unclear which is these objections actually apply to this response. Volkswagen then objects that the request "seeks the discovery of information that is in the possession, custody, or control of third parties." The request does not seek any such information. Volkswagen then objects that the request is a "premature contention interrogatory" that "purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments." The State disagrees that the request is a contention interrogatory, but even if it were, an interrogatory may ask a party to make specific legal or factual

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories        Page 8 of 19**

contentions and may ask the party to state its legal theory and describe, in general, the factual bases for the party's claims or defenses. TRCP 197.1. Volkswagen's objection is both unfounded and unintelligible. Finally, Volkswagen objects "to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity." A party should not object to discovery on the basis that it asks for privileged information. Rather, a party must follow the procedure for asserting a privilege under TRCP 193.3. The court should strike all of these objections because they are unfounded and serve to obscure any valid objections that may exist.

13. **Incomplete/Evasive responses to Interrogatories 6 and 7.** Volkswagen provided evasive responses to Interrogatories 6 and 7. Interrogatories 6 and 7 sought an explanation of how the design or modification of the emission control equipment on the affected vehicles lowered emissions from the affected vehicles during vehicle emission testing when compared to actual driving conditions and the amount of excess emissions as a result of the design or modification. Instead of responding, Volkswagen referenced documents it previously produced in the Federal MDL proceeding, but did not provide adequate information to find and identify the responsive documents. Volkswagen identified the responsive documents simply as "containing an EPA designated brand in addition to the MDL Bates designation," representing that these documents are responses to 208 discovery requests previously propounded on Volkswagen by the Federal Environmental Protection Agency.[4] Such a vague reference is not an adequate response. If the response is to be found in documents produced in the Federal MDL database, Volkswagen should

---

[4] It is important to note that Volkswagen has not provided the State with the discovery requests to which the documents in the Federal MDL database are purportedly responsive, nor has Volkswagen provided the State with any transmittal letters or other documents that would indicate which documents in the Federal MDL database are responsive to which discovery requests served by any Federal MDL plaintiff-party. No index of these millions of documents has been provided.

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories** **Page 9 of 19**

identify each particular responsive document by bates label rather than referring to a large corpus of documents in a general manner. Volkswagen also objects to these requests "to the extent that [they] seek expert opinion and testimony or material protected by the attorney-work-product doctrine." The request does not seek expert opinion or testimony. An assertion that material or information is work product is an assertion of privilege. TRCP 192.5(d). A party should not object to discovery on the basis that it asks for privileged information. Rather, a party must follow the procedure for asserting a privilege under TRCP 193.3. Volkswagen objects to Interrogatory 6 on the basis that the request "seeks the discovery of information that is in the possession, custody, or control of third parties." The request does not seek any such information. The court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist.

14. **Incomplete/Evasive Interrogatory 8.** Volkswagen provided an evasive response to Interrogatory 8. Interrogatory 8 asks whether the affected vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. Volkswagen responded that software in the vehicles *can* identify "when behavior similar to that experienced when a testing procedure is underway" and that the "software algorithms *may* affect emissions." (emphasis added). Volkswagen should supplement its response to directly and fully answer the question posed. Volkswagen also objects to the request on the basis that it "seeks the discovery of information that is in the possession, custody, or control of third parties." The request does not seek any such information. The court should strike this objection because it is unfounded and serves to obscure any valid objections that may exist.

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories** **Page 10 of 19**

15.     **Inadequate Response to Interrogatory 9.** Volkswagen's response to Interrogatory 9 is a reference to its responses to Interrogatories 5 and 6. The State refers to and incorporates paragraphs 12 and 13 above and asks the Court to strike these objections because they are unfounded and serve to obscure any valid objections that may exist.

16.     **Unfounded Objections to Interrogatory 10.** While Volkswagen provides an answer to Interrogatory 10, it does so subject to numerous unfounded objections. Volkswagen first objects that the request "is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place." Volkswagen's use of "or" makes it unclear which is these objections actually apply to this response. Volkswagen then objects that the request is a "premature contention interrogatory" that "purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments." The State disagrees that the request is a contention interrogatory, but even if it were, an interrogatory may ask a party to make specific legal or factual contentions and may ask the party to state its legal theory and describe, in general, the factual bases for the party's claims or defenses. TRCP 197.1. Volkswagen's objection is both unfounded and unintelligible. Volkswagen objects "to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity." A party should not object to discovery on the basis that it asks for privileged information. Rather, a party must follow the procedure for asserting a privilege under TRCP 193.3. Volkswagen further objects to the request to the extent that the request "purports to require the VW Entities to speculate as to the mental state of individuals or seeks information that that is not in the possession, custody, or control of the VW Entities." The request does not require speculation or such information. The

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories          Page 11 of 19**

Court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist.

17.     **Failure to Respond Interrogatories 11 and 12.** Volkswagen refuses to respond to Interrogatories 11and 12. Interrogatories 11 and 12 ask Volkswagen to state the amount of gross profit Volkswagen made from the sale, offering for sale, and lease, or offering for lease, in the State of Texas of any of the affected vehicles. Volkswagen refuses to respond on the grounds that the information is not specifically maintained for vehicles sold in the State of Texas. Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but the information known or easily obtainable is insufficient to enable the responding party to admit or deny. TRCP 198.2(b). Volkswagen does not state whether it made any inquiry at all. Volkswagen objects that the requests are overly broad and unduly burdensome. The person resisting discovery has the burden to plead and prove that the request will impose an undue burden. *ISK Biotech Corp. v. Lindsay,* 933 S.W.2d 565, 568-69 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding). To prove undue burden, the person resisting discovery must do more than make conclusory allegations that the requested discovery is unduly burdensome. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex.1999). However, Volkswagen provides neither explanation nor evidence of any such burden. Volkswagen further objects that the requests call for an expert opinion and legal conclusion. The requests call for neither. Volkswagen further objects that the requests call for information that "is neither relevant to the claims or defenses of any party in this matter nor reasonably calculated to lead to the discovery of admissible evidence." However, the gross profit is a relevant factor for determining appropriate penalties. Finally, Volkswagen objects to the requests on the basis of several privileges. A party should not object to discovery on the basis that it asks for privileged information. Rather, a party must follow

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories      Page 12 of 19**

the procedure for asserting a privilege under TRCP 193.3. The Court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist.

18. **Failure to Respond to Requests for Admission 1-4.** Volkswagen refuses to admit or deny RFA's 1-4. These requests ask Volkswagen to admit or deny it equipped affected vehicles with emission control equipment that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions and to admit or deny whether such action resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. Volkswagen first objects that the request "is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place." Volkswagen's use of "or" makes it unclear which is these objections actually apply to this response. Volkswagen previously agreed to amend its responses to answer these requests, see Exhibit F, pg. 2, but has failed to do so. The Court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist, and Volkswagen should be ordered to answer these requests.

19. **Failure to Respond to Requests for Admission 5 and 6.** RFA's 5 and 6 ask Volkswagen to admit or deny whether the affected vehicles were equipped with emission control equipment that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. Volkswagen refuses to admit or deny RFA's 5 and 6 on the grounds that "it would require VWGoA to admit or deny based on information in the possession, custody, or control of third parties." Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but the information known or easily obtainable is

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories** Page 13 of 19

insufficient to enable the responding party to admit or deny. TRCP 198.2(b). Volkswagen does not state whether it made any inquiry at all. Volkswagen objects to the request "to the extent that the Request requires VWGoA to draw legal conclusions." The requests do not require VWGoA to draw legal conclusions.

20. **Failure to Respond to Requests for Admission 15 and 16.** Volkswagen refuses to either admit or deny RFA's 15 and 16. RFA's 15 and 16 ask Volkswagen to either admit or deny that, as of June 3, 2016, Volkswagen had not disabled or removed emission control equipment from the affected vehicles that was designed or modified so that the emission control equipment resulted in lowered emission during emission testing procedures when compared to actual driving conditions. Volkswagen objects on the basis that RFA 15 is "vague, ambiguous and undefined insofar as it fails to define or explain the phrases 'emission control equipment,' 'lowered emissions,' 'actual driving conditions,' 'disabled' and 'removed.' However, in its response to RFA 16, Volkswagen objects only to the phrases "lowered emissions" and "actual driving conditions." It is unclear whether Volkswagen understands the meanings of "emission control equipment," "disabled, and "removed" in the context of RFA 16, which is virtually identical to RFA 15. In any event, Volkswagen states in its fourth "Objection to All Requests," that "subject to and without waiving [those] Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language." Volkswagen has failed to do so. The Court should strike these objections because they are unfounded and serve to obscure any valid objections that may exist. Further, Volkswagen should be ordered to either admit or deny in response to the request.

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories      Page 14 of 19**

21.     Volkswagen has failed to adequately respond to the State's discovery requests. Its unfounded objections should be stricken and Volkswagen should be required to provide complete, non-evasive responses to the State's Requests.

**PRAYER**

22.     For these reasons, the State asks the Court to set this motion for hearing and, after the hearing, to compel Volkswagen to withdraw unfounded laundry list objections; withdraw improper, vague, cumulative, and inapplicable specific objections, including objections based on privilege; comply with the provisions of TRCP 193.3 when properly asserting privilege; provide clear reference to documents wherein responses to specific interrogatories are to be found, and produce or otherwise make available those documents if not previously produced in this litigation; and provide adequate and complete responses to all the State's properly-propounded written discovery requests.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation
State Bar No. 00798537
Patrick.Sweeten@texasattorneygeneral.gov

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories        Page 15 of 19**

DAVID A. TALBOT
Chief, Consumer Protection Division
State Bar No. 19618500
David.Talbot@texasattorneygeneral.gov

NANETTE DINUNZIO
Assistant Attorney General
State Bar No. 24036484
Nanette.DiNunzio@texasattorneygeneral.gov

JACOB A. PETRY
Assistant Attorney General
State Bar No. 24088219
Jacob.Petry2@texasattorneygeneral.gov

Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Telephone:  (512) 463-4139
Facsimile:   (512) 936-0545

KRISTOFER S. MONSON
Assistant Solicitor General
State Bar No. 24037129
Kristofer.Monson@texasattorneygeneral.gov

Office of the Attorney General
Office of the Solicitor General
P. O. Box 12548 (MC-059)
Austin, Texas 78711-2548
Telephone:  (512) 936-1820

ANTHONY W. BENEDICT
Assistant Attorney General
State Bar No. 02129100
Anthony.Benedict@texasattorneygeneral.gov

EMILY E. PETRICK
Assistant Attorney General
State Bar No. 24077709
Emily.Petrick@texasattorneygeneral.gov

MARK A. STEINBACH
Assistant Attorney General
State Bar No. 24056653
Mark.Steinbach@texasattorneygeneral.gov

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories**          **Page 16 of 19**

Office of the Attorney General
Environmental Protection Division
P. O. Box 12548 (MC-066)
Austin, Texas 78711-2548
Telephone:  (512) 463-2012
Facsimile: (512) 390-0911

**ATTORNEYS FOR THE STATE OF TEXAS**

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories          Page 17 of 19**

## CERTIFICATE OF CONFERENCE

I hereby certify that efforts were made to confer with opposing counsel in order to resolve the dispute without the necessity of court intervention and those efforts failed to result in a resolution of the dispute.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen**
**to Respond its First Set of Interrogatories          Page 18 of 19**

I hereby certify that on the 30th day of December 2016, a true and correct copy of the foregoing *State of Texas' Motion to Compel Volkswagen to Respond to Interrogatories and Request for Admissions* was electronically filed and e-served on all known counsel in this case.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation

*In re Volkswagen Clean Diesel Litigation*
**State of Texas' Motion to Compel Volkswagen
to Respond its First Set of Interrogatories          Page 19 of 19**

# EXHIBIT A

CAUSE NO. D-1-GN-16-000370

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION: TCAA ENFORCEMENT CASES | § § § § § § § | IN THE DISTRICT COURT |
| | | TRAVIS COUNTY, TEXAS |
| ALL ACTIONS | | 353rd JUDICIAL DISTRICT |

## STATE OF TEXAS'S FIRST WRITTEN DISCOVERY REQUESTS TO DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.

To: Defendant Volkswagen Group of America, Inc., by serving its counsel of record.

In accordance with Texas Rules of Civil Procedure 193, 194, 197, and 198, the State serves the State of Texas's Request for Disclosure, Written Interrogatories, and Requests for Admissions to VOLKSWAGEN GROUP OF AMERICA, INC. Defendant's responses to the Request for Disclosure, Written Interrogatories, and Requests for Admissions shall be delivered to the undersigned attorney of record within forty-five days after service of this discovery request as provided for in Texas Rules of Civil Procedure 194.3, 197.2, and 198.2, respectively, as modified by Paragraph 4 of the Court's May 23, 2016 Scheduling Order on file in this case.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division


/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation
State Bar No. 00798537
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548
Phone: (512) 463-4139
Patrick.Sweeten@texasattorneygeneral.gov

**LIAISON COUNSEL FOR THE STATE OF TEXAS**


## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2016, a true and correct copy of the foregoing State of Texas's First Written Discovery Requests to Defendant Volkswagen Group of America, Inc. was served on counsel for Defendant VW by certified mail, return receipt requested, and by email and by email on all other known counsel in this case.

/s/ Patrick K. Sweeten
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation

## Definitions and Instructions

1. Unless otherwise specified, the requests are limited to seeking information relating to events that occurred during, documents created during, or documents referring to events occurring during the time frame from January 1, 2008, to the present.

2. In the event that VOLKSWAGEN GROUP OF AMERICA, INC. believes that any request or interrogatory is ambiguous or has any question about the scope or extent of the requested discovery, please contact counsel of record for the State for clarification.

3. Unless otherwise defined, all words shall be given the normal and customary meaning attributed to the words.

4. "You," "your," or "VW" means VOLKSWAGEN GROUP OF AMERICA, INC., its successors, predecessors, agents, employees, and all other persons acting on behalf of VOLKSWAGEN GROUP OF AMERICA, INC. or its successors or predecessors.

5. "Audi" means AUDI OF AMERICA, LLC, its successors, predecessors, agents, employees, and all other persons acting on behalf of AUDI OF AMERICA, LLC or its successors or predecessors.

6. "Porsche" means PORSCHE CARS NORTH AMERICA, INC., its successors, predecessors, agents, employees, and all other persons acting on behalf of PORSCHE CARS NORTH AMERICA, INC., or its successors or predecessors.

7.    "NOx" means oxides of nitrogen.

8.    "Affected Vehicle" means the following listed automobile models:

### 2.0 Liter TDI Engines:

- VW Jetta TDI (Model Years 2009-2015)

- VW Jetta SportWagen TDI (Model Years 2009-2014)

- VW Golf TDI (Model Years 2010-2015)

- VW Golf SportWagen TDI (Model Year 2015)

- VW Beetle TDI and VW Beetle Convertible TDI (Model Years 2012-2015)

- VW Passat TDI (Model Years 2012-2015)

- Audi A3 (Model Years 2010-2015)

### 3.0 Liter TDI Engines:

- VW Touareg (Model Years 2009-2016)

- Porsche Cayenne (Model Years 2013-2016)

- Audi A6 Quattro (Model Years 2014-2016)

- Audi A7 Quattro (Model Years 2014-2016)

- Audi A8 (Model Years 2014-2016)

- Audi A8L (Model Years 2014-2016)

- Audi Q5 (Model Years 2014-2016)

- Audi Q7 (Model Years 2009-2016)

9. "VIN" means vehicle identification number.

## Request for Disclosure

Pursuant to Texas Rule of Civil Procedure 194, Defendant VW is requested to disclose the information or material described in Texas Rule of Civil Procedure 194.2.

## Interrogatories

1.     Please state the following information for each Affected Vehicle sold in the State of Texas by you or your agents or representatives:

A.     The date of sale;

B.     The VIN of the Affected Vehicle;

C.     The name and address of the person who sold the Affected Vehicle; and,

D.     The specific location where the Affected Vehicle was sold.

ANSWER:


2.     Please state the following information for each Affected Vehicle offered for sale in the State of Texas by you or your agents or representatives:

A.     The date the Affected Vehicle was first offered for sale;

B.     The VIN of the Affected Vehicle;

C.     The name and address of the person who offered the Affected Vehicle for sale; and,

D.     The specific location where the Affected Vehicle was offered for sale.

ANSWER:

3.	Please state the following information for each Affected Vehicle leased in the State of Texas by you or your agents or representatives:

A.	The date of lease;

B.	The VIN of the Affected Vehicle;

C.	The name and address of the person who leased, as lessor, the Affected Vehicle; and,

D.	The specific location where the Affected Vehicle was leased.

ANSWER:


4.	Please state the following information for each Affected Vehicle offered for lease in the State of Texas by you or your agents or representatives:

A.	The date the Affected Vehicle was first offered for lease;

B.	The VIN of the Affected Vehicle;

C.	The name and address of the person who offered for lease, as lessor, the Affected Vehicle; and,

D.	The specific location where the Affected Vehicle was offered for lease.

ANSWER:

5. Please state the following information for each VW Representative that knew, on or before September 17, 2015, that the Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. As used in this Interrogatory, VW Representative means (1) any officer, director, or board member of VW; (2) any officer, director, manager, supervisor, or engineer of any division or department of VW that was involved in, or responsible for, the design or modification of emission control equipment for the Affected Vehicles; (3) any officer, director, manager, supervisor, or engineer of any of the following VW divisions, departments, groups, or centers: Electronic Research Lab, Design Center California, Marketing and Strategy Division, Group Quality Division, Test Center California, Technical Center, Engineering and Environmental Office, and Research and Development; and (4) any officer, director, manager, supervisor, or engineer of any division, department, group, or center with responsibility for compliance with environmental laws regarding emission control equipment on Affected Vehicles.

A. The job title, name, and address (work location) of the VW Representative;

B. The date on which the VW Representative first became aware that any Affected Vehicles were equipped with emission control equipment that had been

designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions; and,

C.    From where or whom the VW Representative learned that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

ANSWER:


6.    Please explain how the design or modification of the emission control equipment on the Affected Vehicles lowered emissions from the Affected Vehicles during vehicle emission testing when compared to actual driving conditions.

ANSWER:


7.    For each of the Affected Vehicles, please state by how much the amount of $NO_x$ emitted during vehicle emission testing varied from the amount of $NO_x$ emitted during actual driving conditions.  Please respond for each model and year of Affected Vehicles (rather than for each individual Affected Vehicle).  If you contend that the amount varied depending on differences in actual driving conditions, please explain the range and circumstances of the variation.

ANSWER:

8. Were the Affected Vehicles equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions?

ANSWER:

9. Please explain why emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was installed in the Affected Vehicles?

ANSWER:

10. Please provide the following information for each person known to you to have been terminated or disciplined (or who resigned or retired in lieu of termination or discipline) as a result of the design or use in Affected Vehicles of emission control equipment that had been designed or altered so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

A.     The name, job title, and former employer of the person.

B.     Describe the person's involvement in the design or use in Affected Vehicles of emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

ANSWER:


11.     Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 2.0 liter TDI engine.  In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.

ANSWER:


12.     Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 3.0 liter TDI engine.  In your response, please state the gross profit according to

Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.

ANSWER:


13.    In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed because they are preempted and barred by the Federal Clean Air Act.

ANSWER:


14.    In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed or abated by virtue of primary jurisdiction of the United States Environmental Protection Agency.

ANSWER:


## Requests for Admission

Please admit or deny the following:

1.      You equipped the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

RESPONSE:

2.      Your equipping the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.

RESPONSE:

3.      You equipped the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

RESPONSE:

4.      Your equipping the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.

RESPONSE:

5. The Affected Vehicles with 2.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

RESPONSE:

6. The Affected Vehicles with 3.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

RESPONSE:

7. You sold in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.

RESPONSE:

8. You sold in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.

RESPONSE:

9. You offered for sale in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.

RESPONSE:

10.    You offered for sale in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.

RESPONSE:

11.    You leased in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.

RESPONSE:

12.    You leased in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.

RESPONSE:

13.    You offered for lease in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.

RESPONSE:

14.    You offered for lease in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.

RESPONSE:

15.    As of June 3, 2016 you have not disabled or removed emission control equipment from the Affected Vehicles with 2.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.

RESPONSE:

16.     As of June 3, 2016, you have not disabled or removed emission control equipment from the Affected Vehicles with 3.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.

RESPONSE:

# EXHIBIT B

CAUSE NO. D-1-GN-16-000449

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL | § | IN THE DISTRICT COURT |
| LITIGATION: CONSUMER CASE | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALL ACTIONS | § | |
| | § | 353rd JUDICIAL DISTRICT |

## DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the

following Responses and Objections to Plaintiff's First Set of Interrogatories pursuant to Rule

197 of the Texas Rules of Civil Procedure.

Respectfully submitted,


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

---

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*
**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*
**NINGUR AKOGLU**
NY State Bar No. 4314290
nakoglu@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004

212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS
VOLKSWAGEN GROUP OF AMERICA, INC.,
AUDI OF AMERICA, LLC AND
VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on August 17, 2016 on the following counsel of record.

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
             william.kiniry@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

# PRELIMINARY STATEMENT

The responses to the Interrogatories ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing. Consequently, without obligating itself to do so, VWGoA expressly reserves the right to supplement, amend, correct, clarify or modify its Response to the Requests as further information becomes available. Further, irrespective of whether VWGoA provides information in response to the Requests, VWGoA reserves the right to (a) provide additional information; (b) object to further discovery; (c) rely upon any information and documents produced in this in any hearing or proceeding, including any hearing, proceeding or trial in this matter; and (d) challenge the authenticity or admissibility in any proceeding, hearing or trial of any information or documents.

To the extent that VWGoA responds to any of the Requests, it does so without conceding the materiality, admissibility or relevance of any such response.

To enhance the readability of its responses, counsel for VWGoA generally has provided the answer first, followed by any specific objections, subject to which it has answered. By providing an answer to each Request prior to setting forth its specific objections, VWGoA does not waive any objections following its substantive response.

This Preliminary Statement is incorporated into all responses by reference as though fully set forth verbatim.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

<u>**GENERAL OBJECTIONS**</u>

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction and individual Request. Unless otherwise stated, they shall have the same force and effect as if set forth in full in response to each Definition, Instruction and individual Request. The absence of a specific objection in individual Request responses is neither intended, nor should be interpreted, as an admission that information responsive to that Request exists or as evidence that VWGoA does not object to a Request or waives any applicable privilege, immunity, or protection. Any undertaking to search for or provide information in response to any Request remains subject to these General Objections and to specific objections (collectively, "Objections") in the individual responses set forth herein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude VWGoA from raising that objection at a later time.

1.      VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. Accordingly, VWGoA reserves the right to amend, supplement, revise, clarify or correct the responses set forth below once the investigation commissioned by the Supervisory Board has concluded. In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing and privileged, and that

responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2.      VWGoA objects to the Requests to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence, or seek the discovery of information that is neither relevant to the claims or defenses of any party, as well as to the extent that the Requests are unduly burdensome because they impose a significant burden, expense and inconvenience on VWGoA.

3.      VWGoA further objects to the Requests to the extent that they purport to impose burdens or obligations on VWGoA that are broader than, or inconsistent with, the permissible scope of discovery under the Texas Rules of Civil Procedure. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe the Requests consistently with the Texas Rules of Civil Procedure.

4.      VWGoA further objects to the Requests to the extent that they purport to require VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.  VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

5.      VWGoA further objects to the Requests to the extent they seek information or

purport to require VWGoA to admit or deny facts based on the existence or absence of information that (i) is not in VWGoA's possession, custody or control; or (ii) is available from a more convenient, more efficient, less burdensome or less expensive source than VWGoA. Subject to VWGoA's Objections, VWGoA will consider only information in its possession, custody, or control as of the date of this Response. VWGoA's Response shall not be construed as a representation regarding the existence or non-existence of information in its possession, custody, or control.

6.     VWGoA objects to the Requests to the extent that they seek information that is:

   (a)     already in Plaintiff's possession, custody or control;

   (b)     publicly available or otherwise equally available to Plaintiff; or

   (c)     more appropriately obtained from other sources or parties by other means of pre-trial discovery, including through Plaintiff's review of  document productions the Plaintiff is being given access to.

7.     The Responses are solely in the name of and on behalf of VWGoA. VWGoA objects to the Requests to the extent that they purport to require VWGoA to provide information that is in the possession, custody, or control of VWGoA's parents, affiliates, or subsidiaries that have corporate identities separate and apart from those of VWGoA on the ground that such information is not in the possession, custody or control of VWGoA.

8.     VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

   (a)     seek the discovery of information that is in the possession, custody, or control of third parties;

(b)     are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

(c)     are not reasonably calculated to lead to the discovery of admissible evidence;

(d)     fail to distinguish between distinct corporate entities;

(e)     purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

(f)     are vague, ambiguous and confusing; and

(g)     seek information which is protected from disclosure under the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity.

9.     VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any Definition, Instruction or Request that incorporates those terms, on the ground that such terms and any Definition, Instruction or Request that incorporates them are overly broad, unduly burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

10.     VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

11.     VWGoA objects to the Requests to the extent that they seek material protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or discovery protection, or that otherwise is protected from disclosure under applicable law . Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended, nor should be interpreted, as evidence that VWGoA does not object to a Request on the basis of or waive an applicable privilege, immunity, or protection.

12.     VWGoA objects to the Requests to the extent that they purport to seek the discovery of information that reflects trade secrets, or information that is confidential, proprietary, commercially sensitive or competitively significant, or personal information relating to VWGoA, their affiliates, employees or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality

undertakings.

13. VWGoA objects to the Requests to the extent that they purport to require VWGoA to draw legal conclusions, or are predicated on legal conclusions or arguments. Subject to and without waiver of these Objections, VWGoA states that any response, or provision of information in response to the Requests, is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion concerning any of the terms used in the Requests.

14. VWGoA objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous. In responding and objecting to any Requests, VWGoA does not admit the correctness of any such assertions.

15. VWGoA objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA's Response and any provision of information in response to the Requests are not intended, and shall not be construed, as an admission that any factual predicates stated in the Requests are accurate.

16. VWGoA submits these responses without conceding the relevancy of the subject matter of any Request, and without prejudice to its right to object to further discovery or to object to the admissibility of any proof on the subject matter.

17. VWGoA reserves its right to all evidentiary and other legal and factual objections at the time of trial.

18. VWGoA's Objections are made without in any way waiving or intending to waive, but on the contrary, with the intent to preserve:

      a)     all questions and/or objections as to competency, relevancy, privilege and admissibility as evidence for any purpose of the responses or subject

matter thereof, in any subsequent proceeding or in the trial of this or any other action;

b) the right to object on any ground to the use of these responses or the subject matter thereof in any subsequent proceeding and in the trial of this or any action; and

c) the right to object on any ground at any time to other discovery requests or discovery procedures involving or relating to the subject of these responses.

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

In addition and subject to the Objections set forth above, VWGoA sets forth the following Specific Objections and Responses to the numbered Interrogatories.

**1.      Please state the following information for each Affected Vehicle sold in the State of Texas by you or your agents or representatives:**
**The date of sale;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who sold the Affected Vehicle; and,**
**The specific location where the Affected Vehicle was sold.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to Interrogatory No. 1 to the extent that it calls for information not within the possession, custody or control of VWGoA. VWGoA further objects on the ground that the Interrogatory is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects on the ground that it calls for the production of personal information relating to VWGoA's customers.

**2.      Please state the following information for each Affected Vehicle offered for sale in the State of Texas by you or your agents or representatives:**
**The date the Affected Vehicle was first offered for sale;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who offered the Affected Vehicle for sale; and,**
**The specific location where the Affected Vehicle was offered for sale.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to Interrogatory No. 2 to the extent that it calls for information not within the possession, custody or control of VWGoA. VWGoA further objects on the ground that the Interrogatory is overly broad and unduly burdensome, and calls for information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects on the ground that it calls for the production of personal information relating to VWGoA's customers.

**3.      Please state the following information for each Affected Vehicle leased in the State of Texas by you or your agents or representatives:**

**The date of lease;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who leased, as lessor, the Affected Vehicle; and,**
**The specific location where the Affected Vehicle was leased.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to Interrogatory No. 3 to the extent that it calls for information not within the possession, custody or control of VWGoA. VWGoA further objects on the ground that the Interrogatory is overly broad and unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects on the ground that it calls for the production of personal information relating to VWGoA's customers.

4.      **Please state the following information for each Affected Vehicle offered for lease in the State of Texas by you or your agents or representatives:**
**The date the Affected Vehicle was first offered for lease;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who offered for lease, as lessor, the Affected Vehicle; and,**
**The specific location where the Affected Vehicle was offered for lease.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to Interrogatory No. 4 to the extent that it calls for information not within the possession, custody or control of VWGoA. VWGoA further objects on the ground that the Interrogatory is overly broad and unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects on the ground that the Interrogatory calls for the production of personal information relating to VWGoA's customers.

5.      **Please state the following information for each VW Representative that knew, on or before September 17, 2015, that the Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. As used in this Interrogatory, VW Representative means (1) any officer, director, or board member of VW; (2) any officer, director, manager, supervisor, or engineer of any division or department of VW that was involved in, or responsible for, the design or modification of emission control equipment for the Affected Vehicles; (3) any officer, director, manager, supervisor, or engineer of any of the following VW divisions,**

departments, groups, or centers: Electronic Research Lab, Design Center California, Marketing and Strategy Division, Group Quality Division, Test Center California, Technical Center, Engineering and Environmental Office, and Research and Development; and (4) any officer, director, manager, supervisor, or engineer of any division, department, group, or center with responsibility for compliance with environmental laws regarding emission control equipment on Affected Vehicles.

A. The job title, name, and address (work location) of the VW Representative;

B. The date on which the VW Representative first became aware that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions; and,

C. From where or whom the VW Representative learned that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.

**ANSWER:** VWGoA objects to Interrogatory No. 5 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions." VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.


6. **Please explain how the design or modification of the emission control equipment on the Affected Vehicles lowered emissions from the Affected Vehicles during vehicle emission testing when compared to actual driving conditions.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to Requests for Information from the EPA pursuant to section 208 of the federal Clean Air Act (the "208 Requests"), which will be made available to Plaintiff.

VWGoA objects to Interrogatory No. 6 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory to the extent it seeks information that is not in VWGoA's possession, custody or control. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "vehicle emission testing," and "actual driving conditions."

**7.     For each of the Affected Vehicles, please state by how much the amount of NOx emitted during vehicle emission testing varied from the amount of NOx emitted during actual driving conditions. Please respond for each model and year of Affected Vehicles (rather than for each individual Affected Vehicle). If you contend that the amount varied depending on differences in actual driving conditions, please explain the range and circumstances of the variation.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to the 208 Requests, which will be made available to Plaintiff.

VWGoA objects to Interrogatory No. 7 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "vehicle emission testing," and "actual driving conditions."

**8.     Were the Affected Vehicles equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions?**

**ANSWER:** VWGoA states that the software algorithm installed in the Affected Vehicles can identify when behavior similar to that experienced when a testing procedure is underway and that software algorithms may affect emissions.

VWGoA objects to Interrogatory No. 6 to the extent it seeks information that is not in VWGoA's possession, custody or control.  VWGoA further objects to this Interrogatory to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control

equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

9.     **Please explain why emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was installed in the Affected Vehicles?**

**ANSWER:** VWGoA refers Plaintiff to its responses to Interrogatory Nos. 5 and 6.

10.     **Please provide the following information for each person known to you to have been terminated or disciplined (or who resigned or retired in lieu of termination or discipline) as a result of the design or use in Affected Vehicles of emission control equipment that had been designed or altered so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

      A.     **The name, job title, and former employer of the person.**
      B.     **Describe the person's involvement in the design or use in Affected Vehicles of emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**ANSWER:** No VWGoA employee has been terminated or disciplined as a result of the allegations directed to the Affected Vehicles' emission-control equipment. Mr. Michael Horn, the former CEO of VWGoA, has left the employ of VWGoA.

VWGoA objects to Interrogatory No. 10 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA also objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA also further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity. VWGoA further objects to this to the extent the Interrogatory purports to require the VW Entities to speculate as to the mental state of individuals or seeks information that is not in the possession, custody or control of the VW Entities. VWGoA further objects on the ground that the Interrogatory calls for the production of

personal and private information relating to VWGoA's employees. Finally, VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

VWGoA reserves the right to supplement, correct, clarify, amend or modify its Response to Interrogatory No. 10 as additional information becomes available.


**11.     Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 2.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.**

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA Interrogatory No. 11 on the grounds that it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.


**12.     Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 3.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.**

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

**13.    In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed because they are preempted and barred by the Federal Clean Air Act.**

**ANSWER:** VWGoA asserts that the Plaintiff's case should be dismissed or abated due to preemption by the federal Clean Air Act or by virtue of primary jurisdiction of the EPA. VWGoA will state in detail and provide factual support for its legal argument when it moves the Court to have the Plaintiff's case dismissed or abated at the appropriate time in accordance with the Texas Rules of Civil Procedure and the Scheduling Order or any other order of the Court.

VWGoA objects to the Interrogatory No. 13 to the extent that it seeks expert opinion and testimony or material protected by the work-product doctrine and purports to require VWGoA to marshal all of its available proof or the proof VWGoA intends to offer at trial in support of its defenses.

**14.    In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed or abated by virtue of primary jurisdiction of the United States Environmental Protection Agency.**

**ANSWER:** VWGoA asserts that the Plaintiff's case should be dismissed or abated due to preemption by the federal Clean Air Act or by virtue of primary jurisdiction of the EPA. VWGoA will state in detail and provide factual support for its legal argument when it moves the Court to have the Plaintiff's case dismissed or abated at the appropriate time in accordance with the Texas Rules of Civil Procedure and the Scheduling Order or any other order of the Court.

VWGoA objects to Interrogatory No. 14 to the extent that it seeks expert opinion and testimony or material protected by the work-product doctrine and purports to require VWGoA to marshal all of its available proof or the proof VWGoA intends to offer at trial in support of its defenses. VWGoA reserves its right to supplement this response in accordance with the applicable Texas Rules of Civil Procedure and the scheduling order of the Court.

| IN RE VOLKSWAGEN CLEAN DIESEL | § | IN THE DISTRICT COURT |
|---|---|---|
| LITIGATION: CONSUMER CASE | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALL ACTIONS | § | |
| | § | 353rd JUDICIAL DISTRICT |

### DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the

following Responses and Objections to Plaintiff's Requests for Admissions pursuant to Rule 198

of the Texas Rules of Civil Procedure.

Respectfully submitted,


*/s/ C. Vernon Hartline, Jr.*

**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*
**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*
**NINGUR AKOGLU**
NY State Bar No. 4314290
nakoglu@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004

212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS
VOLKSWAGEN GROUP OF AMERICA, INC.,
AUDI OF AMERICA, LLC AND
VOLKSWAGEN GROUP OF AMERICA
CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on August 17, 2016 on the following counsel of record.

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
william.kiniry@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

The responses to the Requests for Admission ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing. Consequently, without obligating itself to do so, VWGoA expressly reserves the right to supplement, amend, correct, clarify or modify its Response to the Requests as further information becomes available. Further, irrespective of whether VWGoA provides information in response to the Requests, VWGoA reserves the right to (a) provide additional information; (b) object to further discovery; (c) rely upon any information and documents produced in this in any hearing or proceeding, including any hearing, proceeding or trial in this matter; and (d) challenge the authenticity or admissibility in any proceeding, hearing or trial of any information or documents.

To the extent that VWGoA responds to any of the Requests, it does so without conceding the materiality, admissibility or relevance of any such response.

To enhance the readability of its responses, counsel for VWGoA generally has provided the answer first, followed by any specific objections, subject to which it has answered. By providing an answer to each Request prior to setting forth its specific objections, VWGoA does not waive any objections following its substantive response.

This Preliminary Statement is incorporated into all responses by reference as though fully set forth verbatim.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction and individual Request. Unless otherwise stated, they shall have the same force and effect as if set forth in full in response to each Definition, Instruction and individual Request. The absence of a specific objection in individual Request responses is neither intended, nor should be interpreted, as an admission that information responsive to that Request exists or as evidence that VWGoA does not object to a Request or waives any applicable privilege, immunity, or protection. Any undertaking to search for or provide information in response to any Request remains subject to these General Objections and to specific objections (collectively, "Objections") in the individual responses set forth herein. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude VWGoA from raising that objection at a later time.

1.      VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. Accordingly, VWGoA reserves the right to amend, supplement, revise, clarify or correct the responses set forth below once the investigation commissioned by the Supervisory Board has concluded. In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing and privileged, and that

responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2. VWGoA objects to the Requests to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence, or seek the discovery of information that is neither relevant to the claims or defenses of any party, as well as to the extent that the Requests are unduly burdensome because they impose a significant burden, expense and inconvenience on VWGoA.

3. VWGoA further objects to the Requests to the extent that they purport to impose burdens or obligations on VWGoA that are broader than, or inconsistent with, the permissible scope of discovery under the Texas Rules of Civil Procedure. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe the Requests consistently with the Texas Rules of Civil Procedure.

4. VWGoA further objects to the Requests to the extent that they purport to require VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found. VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

5. VWGoA further objects to the Requests to the extent they seek information or

purport to require VWGoA to admit or deny facts based on the existence or absence of information that (i) is not in VWGoA's possession, custody or control; or (ii) is available from a more convenient, more efficient, less burdensome or less expensive source than VWGoA. Subject to VWGoA's Objections, VWGoA will consider only information in its possession, custody, or control as of the date of this Response. VWGoA's Response shall not be construed as a representation regarding the existence or non-existence of information in its possession, custody, or control.

6. VWGoA objects to the Requests to the extent that they seek information that is:

(a) already in Plaintiff's possession, custody or control;

(b) publicly available or otherwise equally available to Plaintiff; or

(c) more appropriately obtained from other sources or parties by other means of pre-trial discovery, including through Plaintiff's review of document productions the Plaintiff is being given access to.

7. The Responses are solely in the name of and on behalf of VWGoA. VWGoA objects to the Requests to the extent that they purport to require VWGoA to provide information that is in the possession, custody, or control of VWGoA's parents, affiliates, or subsidiaries that have corporate identities separate and apart from those of VWGoA on the ground that such information is not in the possession, custody or control of VWGoA.

8. VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

(a) seek the discovery of information that is in the possession, custody, or control of third parties;

(b) are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

(c) are not reasonably calculated to lead to the discovery of admissible evidence;

(d) fail to distinguish between distinct corporate entities;

(e) purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

(f) are vague, ambiguous and confusing; and

(g) seek information which is protected from disclosure under the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity.

9. VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any Definition, Instruction or Request that incorporates those terms, on the ground that such terms and any Definition, Instruction or Request that incorporates them are overly broad, unduly burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

10.    VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

11.    VWGoA objects to the Requests to the extent that they seek material protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, or any other applicable privilege, immunity, or discovery protection, or that otherwise is protected from disclosure under applicable law . Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection is neither intended, nor should be interpreted, as evidence that VWGoA does not object to a Request on the basis of or waive an applicable privilege, immunity, or protection.

12.    VWGoA objects to the Requests to the extent that they purport to seek the discovery of information that reflects trade secrets, or information that is confidential, proprietary, commercially sensitive or competitively significant, or personal information relating to VWGoA, their affiliates, employees or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality

undertakings.

13.     VWGoA objects to the Requests to the extent that they purport to require VWGoA to draw legal conclusions, or are predicated on legal conclusions or arguments. Subject to and without waiver of these Objections, VWGoA states that any response, or provision of information in response to the Requests, is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion concerning any of the terms used in the Requests.

14.     VWGoA objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous. In responding and objecting to any Requests, VWGoA does not admit the correctness of any such assertions.

15.     VWGoA objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA's Response and any provision of information in response to the Requests are not intended, and shall not be construed, as an admission that any factual predicates stated in the Requests are accurate.

16.     VWGoA submits these responses without conceding the relevancy of the subject matter of any Request, and without prejudice to its right to object to further discovery or to object to the admissibility of any proof on the subject matter.

17.     VWGoA reserves its right to all evidentiary and other legal and factual objections at the time of trial.

18.      VWGoA's Objections are made without in any way waiving or intending to waive, but on the contrary, with the intent to preserve:

        a)     all questions and/or objections as to competency, relevancy, privilege and admissibility as evidence for any purpose of the responses or subject

matter thereof, in any subsequent proceeding or in the trial of this or any other action;

b)   the right to object on any ground to the use of these responses or the subject matter thereof in any subsequent proceeding and in the trial of this or any action; and

c)   the right to object on any ground at any time to other discovery requests or discovery procedures involving or relating to the subject of these responses.

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS**</u>

In addition and subject to the Objections set forth above, VWGoA sets forth the following Specific Objections and Responses to the numbered Requests.

**1.      You equipped the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:** VWGoA denies this Request.

VWGoA objects to Request for Admission No. 1 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**2.      Your equipping the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:** VWGoA denies this Request.

VWGoA objects to Request for Admission No. 2 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**3.      You equipped the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:** VWGoA denies this Request.

VWGoA objects to Request for Admission No. 3 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**4.      Your equipping the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:** VWGoA denies this Request.

VWGoA objects to Request for Admission No. 4 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA

further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity.

**5.     The Affected Vehicles with 2.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:** VWGoA denies this Request, but admits that the software algorithm installed in the Affected Vehicles can identify when behavior similar to that experienced when a testing procedure is underway and that software algorithms may affect emissions.

VWGoA objects to Request for Admission No. 5 on the ground that it seeks information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity.

**6.     The Affected Vehicles with 3.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:** VWGoA denies this Request, but admits that the software algorithm installed in the Affected Vehicles can identify when behavior similar to that experienced when a testing procedure is underway and that software algorithms may affect emissions.

VWGoA objects to Request for Admission No. 6 on the ground that it seeks information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**7.     You sold in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**8.     You sold in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**9.     You offered for sale in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**10.     You offered for sale in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:**   VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**11.     You leased in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it leased Affected Vehicles solely through authorized VW and Audi dealerships in the State of Texas.

**12.     You leased in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it leased Affected Vehicles solely through authorized VW and Audi dealerships in the State of Texas.

**13.     You offered for lease in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it offered for lease Affected Vehicles solely through authorized VW and Audi dealerships in the State of Texas.

**14.     You offered for lease in the State of Texas Affected Vehicles with 3.0 Liter TDI**

**engines.**

**RESPONSE:** VWGoA admits this Request to the extent it offered for lease Affected Vehicles solely through authorized VW and Audi dealerships in the State of Texas.

15. **As of June 3, 2016 you have not disabled or removed emission control equipment from the Affected Vehicles with 2.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.**

**RESPONSE:** VWGoA admits that it has not disabled or removed any emission control equipment from the Affected Vehicles as of June 3, 2016. VWGoA denies the remainder of this Request as unintelligible and refers to its Response to Request No. 5.

VWGoA objects to Request for Admission No. 15 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "actual driving conditions," "disabled" and "removed."

16. **As of June 3, 2016, you have not disabled or removed emission control equipment from the Affected Vehicles with 3.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.**

**RESPONSE:** VWGoA admits that it has not disabled or removed any emission control equipment from the Affected Vehicles as of June 3, 2016. VWGoA denies the remainder of this Request as unintelligible and refers to its Response to Request No. 5.

VWGoA objects to Request for Admission No. 16 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions."

# EXHIBIT C



September 13, 2016

*Via email*

Mr. C. Vernon Hartline, Jr.
Hartline Dacus Barger Dreyer LLP
8750 N. Central Expy., Ste. 1600
Dallas, Texas 75231

Re:   *In Re Volkswagen Clean Diesel Litigation: TCAA Enforcement Cases*, Cause No. D-1-GN-16-000370, pending in the 353rd District Court of Travis County, Texas.

Dear Mr. Hartline:

I have had an opportunity to review your Responses to the State's Requests for Production, Requests for Disclosure, and Requests for Admissions. VWGoA's responses to that discovery are inadequate.

The State accepts your invitation to meet and confer regarding the responses tendered by Defendant. We suggest that we meet and confer at your earliest available date, and, to that end, would propose a meeting on Friday September 16th, Monday September 19th or another mutually agreeable date.

The State will be prepared to address your Responses in detail when we meet. However, there are two overarching issues that we encourage you to consider and be prepared to address prior to our meeting:

1. Tex. R. Civ. P. 193.2(e) provides that "[a]n objection that is not made within the time required, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown." Notwithstanding this limitation, it appears that VWGoA seeks to reserve the right to lodge additional objections in the future and asserted so many non-specific objections that any potentially valid objections are obscured. In short, your answers violate the substance and spirit of TRCP 193.2(e) and we will be asking that you amend your answers in light of the clear intent of the rules.

2. Tex. R. Civ. P. 193.2(f) notes that parties should not object to written discovery on the basis of privilege, but rather comply with Rule 193.3. Among other things, that rule requires that a "party must state--in the response (or an amended or supplemental response) or in a separate document--that:

> (1) information or material responsive to the request has been withheld,
> (2) the request to which the information or material relates, and
> (3) the privilege or privileges asserted.

Tex. R. Civ. P. 193.3(a). VWGoA's Responses do not appear to have complied with this rule and, as they are currently presented, render it impossible to identify if, and what, privileged information, if any, has been withheld.

I look forward to your response and an opportunity to meet to discuss VWGoA's Responses to the State's discovery requests. As noted above, when we meet , the State will address more particularized issues with regard to each of the discovery requests, and responses, at issue.

Should you wish to discuss this matter, please do not hesitate to contact me.

Sincerely,

*/s/ Patrick K. Sweeten*
PATRICK K. SWEETEN
Senior Counsel for Civil Litigation
Office of the Texas Attorney General
Patrick.Sweeten@texasattorneygeneral.gov
Telephone: (512) 463-4139
Facsimile:   (512) 936-0545

# EXHIBIT D

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION: TCAA ENFORCEMENT CASES | § § § § | IN THE DISTRICT COURT |
| THE STATE OF TEXAS, | § § | |
| Plaintiff, | § § | |
| AND | § § | |
| TRAVIS COUNTY, TEXAS | § § | |
| Plaintiff Intervenor | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, LLC | § § § § | |
| Defendants. | § § | |
| TRAVIS COUNTY, TEXAS (TRAVIS COUNTY CAUSE NUMBER D-1-GN-15-004513) | § § § | 353rd JUDICIAL DISTRICT |

## DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the following Amended Responses and Objections to Plaintiff's First Set of Interrogatories pursuant to Rule 197 of the Texas Rules of Civil Procedure.

Respectfully submitted,


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on September 19, 2016 on the following counsel of record.

***Via E-mail*** Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

The responses to the Interrogatories ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

## OBJECTIONS APPLICABLE TO ALL REQUESTS

1.      VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. Accordingly, VWGoA reserves the right to amend, supplement, revise, clarify or correct the responses set forth below once the investigation commissioned by the Supervisory Board has concluded.  In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing and privileged, and that responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2.      VWGoA further objects to the Requests to the extent that they purport to require VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found.  VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

3.      VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

(a)     seek the discovery of information that is in the possession, custody, or control of third parties;

(b)     are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

(c)     are not reasonably calculated to lead to the discovery of admissible evidence;

(d)     fail to distinguish between distinct corporate entities;

(e)     purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

(f)     are vague, ambiguous and confusing; and

4.      VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any Definition, Instruction or Request that incorporates those terms, on the ground that such terms and any Definition, Instruction or Request that incorporates them are overly broad, unduly burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

5.      VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

## WITHHOLDING STATEMENT APPLICABLE TO ANY ASSERTION OF PRIVILEGE

VWGoA will provide privilege logs to Lead Counsel for the Consumer Plaintiffs in accordance with the schedule set forth in PTO 16 entered in the Federal MDL Proceeding. To VWGoA's knowledge, it is not withholding any other information or material on the basis of privilege other than the material listed in the logs that will be produced to plaintiffs. However, due to millions of documents produced or potentially discoverable in this matter, there may be additional privileged material identified in the due course of litigation that VWGoA will include in any subsequent privilege logs—if and when identified—in accordance with the schedule set forth in PTO 16. VWGoA will also comply with all provisions of the Protective Order regarding identification and protection of Privileged Material as defined in the Protective Order signed in this case.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

1. **Please state the following information for each Affected Vehicle sold in the State of Texas by you or your agents or representatives:**
   **The date of sale;**
   **The VIN of the Affected Vehicle;**
   **The name and address of the person who sold the Affected Vehicle; and,**
   **The specific location where the Affected Vehicle was sold.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 1 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

2. **Please state the following information for each Affected Vehicle offered for sale in the State of Texas by you or your agents or representatives:**
   **The date the Affected Vehicle was first offered for sale;**
   **The VIN of the Affected Vehicle;**
   **The name and address of the person who offered the Affected Vehicle for sale; and,**
   **The specific location where the Affected Vehicle was offered for sale.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 2 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

**3.      Please state the following information for each Affected Vehicle leased in the State of Texas by you or your agents or representatives:**
**The date of lease;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who leased, as lessor, the Affected Vehicle; and,**
**The specific location where the Affected Vehicle was leased.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 3 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

**4.      Please state the following information for each Affected Vehicle offered for lease in the State of Texas by you or your agents or representatives:**
**The date the Affected Vehicle was first offered for lease;**
**The VIN of the Affected Vehicle;**
**The name and address of the person who offered for lease, as lessor, the Affected Vehicle; and,**
**The specific location where the Affected Vehicle was offered for lease.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 4 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

**5.** **Please state the following information for each VW Representative that knew, on or before September 17, 2015, that the Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. As used in this Interrogatory, VW Representative means (1) any officer, director, or board member of VW; (2) any officer, director, manager, supervisor, or engineer of any division or department of VW that was involved in, or responsible for, the design or modification of emission control equipment for the Affected Vehicles; (3) any officer, director, manager, supervisor, or engineer of any of the following VW divisions, departments, groups, or centers: Electronic Research Lab, Design Center California, Marketing and Strategy Division, Group Quality Division, Test Center California, Technical Center, Engineering and Environmental Office, and Research and Development; and (4) any officer, director, manager, supervisor, or engineer of any division, department, group, or center with responsibility for compliance with environmental laws regarding emission control equipment on Affected Vehicles.**

    **A.** **The job title, name, and address (work location) of the VW Representative;**

    **B.** **The date on which the VW Representative first became aware that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions; and,**

    **C.** **From where or whom the VW Representative learned that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**ANSWER:** VWGoA objects to and refuses to comply with Interrogatory No. 5 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions." VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

**6.**     **Please explain how the design or modification of the emission control equipment on the Affected Vehicles lowered emissions from the Affected Vehicles during vehicle emission testing when compared to actual driving conditions.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to Requests for Information from the EPA pursuant to section 208 of the federal Clean Air Act (the "208 Requests"), which will be made available to Plaintiff.

VWGoA objects to and otherwise refuses to comply with Interrogatory No. 6 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory to the extent it seeks information that is not in VWGoA's possession, custody or control. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "vehicle emission testing," and "actual driving conditions."

**7.**     **For each of the Affected Vehicles, please state by how much the amount of NOx emitted during vehicle emission testing varied from the amount of NOx emitted during actual driving conditions. Please respond for each model and year of Affected Vehicles (rather than for each individual Affected Vehicle). If you contend that the amount varied depending on differences in actual driving conditions, please explain the range and circumstances of the variation.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to the 208 Requests, which will be made available to Plaintiff.

VWGoA objects to Interrogatory No. 7 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "vehicle emission testing," and "actual driving conditions."

**8.**     **Were the Affected Vehicles equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions?**

**ANSWER:** VWGoA states that the software algorithm installed in the Affected Vehicles can identify when behavior similar to that experienced when a testing procedure is underway and that software algorithms may affect emissions.

VWGoA objects to and otherwise refuses to comply with Interrogatory No. 6 to the extent it seeks information that is not in VWGoA's possession, custody or control. VWGoA further objects to this Interrogatory to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

**9.      Please explain why emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was installed in the Affected Vehicles?**

**ANSWER:** VWGoA refers Plaintiff to its responses to Interrogatory Nos. 5 and 6.

**10.      Please provide the following information for each person known to you to have been terminated or disciplined (or who resigned or retired in lieu of termination or discipline) as a result of the design or use in Affected Vehicles of emission control equipment that had been designed or altered so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

> **A.      The name, job title, and former employer of the person.**
> **B.      Describe the person's involvement in the design or use in Affected Vehicles of emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**ANSWER:** No VWGoA employee has been terminated or disciplined as a result of the allegations directed to the Affected Vehicles' emission-control equipment. Mr. Michael Horn, the former CEO of VWGoA, has left the employ of VWGoA.

VWGoA otherwise objects to Interrogatory No. 10 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA also objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA also further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider

investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity. VWGoA further objects to this to the extent the Interrogatory purports to require the VW Entities to speculate as to the mental state of individuals or seeks information that is not in the possession, custody or control of the VW Entities. VWGoA further objects on the ground that the Interrogatory calls for the production of personal and private information relating to VWGoA's employees. Finally, VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

VWGoA will supplement, correct, clarify, amend or modify its Response to Interrogatory No. 10 to any portion of the Request that is not objectionable as additional information becomes available.

**11.** **Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 2.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.**

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA Interrogatory No. 11 and refuses to comply with this Request on the grounds because it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

**12.** **Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 3.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.**

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

**13.** **In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed because they are preempted and barred by the Federal Clean Air Act.**

**ANSWER:** VWGoA asserts that the Plaintiff's case should be dismissed or abated due to preemption by the federal Clean Air Act or by virtue of primary jurisdiction of the EPA. VWGoA will state in detail and provide factual support for its legal argument when it moves the Court to have the Plaintiff's case dismissed or abated at the appropriate time in accordance with the Texas Rules of Civil Procedure and the Scheduling Order or any other order of the Court.

**14.** **In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed or abated by virtue of primary jurisdiction of the United States Environmental Protection Agency.**

**ANSWER:** VWGoA asserts that the Plaintiff's case should be dismissed or abated due to preemption by the federal Clean Air Act or by virtue of primary jurisdiction of the EPA.

VWGoA will state in detail and provide factual support for its legal argument when it moves the Court to have the Plaintiff's case dismissed or abated at the appropriate time in accordance with the Texas Rules of Civil Procedure and the Scheduling Order or any other order of the Court.

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION: TCAA ENFORCEMENT CASES | § § § § | IN THE DISTRICT COURT |
| THE STATE OF TEXAS, | § § | |
| Plaintiff, | § § | |
| AND | § § | |
| TRAVIS COUNTY, TEXAS | § § § | |
| Plaintiff Intervenor | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, LLC | § § § § | |
| Defendants. | § § | |
| TRAVIS COUNTY, TEXAS (TRAVIS COUNTY CAUSE NUMBER D-1-GN-15-004513) | § § § § | 353rd JUDICIAL DISTRICT |

## DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S FIRST AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the following Amended Responses and Objections to Plaintiff's Requests for Admissions pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on September 19, 2016 on the following counsel of record.

*Via E-mail* Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

The responses to the Requests for Admission ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

**OBJECTIONS APPLICABLE TO ALL REQUESTS**

1.     VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. Accordingly, VWGoA reserves the right to amend, supplement, revise, clarify or correct the responses set forth below once the investigation commissioned by the Supervisory Board has concluded.  In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing, and that responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2.     VWGoA further objects to the Requests to the extent that they purport to require

VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive information reasonably would be expected to be found. VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

3.      VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

(a)      seek the discovery of information that is in the possession, custody, or control of third parties;

(b)      are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

(c)      are not reasonably calculated to lead to the discovery of admissible evidence;

(d)      fail to distinguish between distinct corporate entities;

(e)      purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

(f)      are vague, ambiguous and confusing; and

4.      VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any

Definition, Instruction or Request that incorporates those terms, on the ground that such terms and any Definition, Instruction or Request that incorporates them are overly broad, unduly burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

5. VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

**1.      You equipped the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 1 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01.

**2.      Your equipping the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 2 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**3.      You equipped the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when**

**compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 3 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**4.      Your equipping the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 4 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**5.      The Affected Vehicles with 2.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 5 on the ground that it would require

VWGoA to admit or deny based on information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**6.      The Affected Vehicles with 3.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 6 on the ground that it would require VWGoA to admit or deny based on information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**7.      You sold in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**8.      You sold in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**9.      You offered for sale in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**10.    You offered for sale in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:**    VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.


**11.    You leased in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.


**12.    You leased in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.


**13.    You offered for lease in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.


**14.    You offered for lease in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.


**15.    As of June 3, 2016 you have not disabled or removed emission control equipment from the Affected Vehicles with 2.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 15 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "actual driving conditions," "disabled" and "removed."


**16.    As of June 3, 2016, you have not disabled or removed emission control  equipment from the Affected Vehicles with 3.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets,**

**roads, and/or highways.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 16 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions."

# EXHIBIT E



KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 21, 2016

*Via email*

Mr. C. Vernon Hartline, Jr.
Hartline Dacus Barger Dreyer LLP
8750 N. Central Expy., Ste. 1600
Dallas, Texas 75231

Re:   *In Re Volkswagen Clean Diesel Litigation: TCAA Enforcement Cases*, Cause
      No. D-1-GN-16-000370, pending in the 353rd District Court of Travis County,
      Texas

Dear Mr. Hartline:

I have had the opportunity to review your First Amended Responses to the State's
First Set of Interrogatories and Requests for Admissions. VWGoA's responses are still
inadequate.

The State suggests that we meet and confer at your earliest available date and, to
that end, would propose a meeting on Monday, September 26th at 2 p.m., or another
mutually agreeable date.

The State will be prepared to address your responses in detail when we meet.
However, there are several issues that we encourage you to review in advance of our
meeting:

1.  **Privilege**--Tex. R. Civ. P. 193.2(f) notes that parties should not object to
    written discovery on the basis of privilege, but instead must comply with Rule
    193.3 by stating in the response (or an amended or supplemental response) or
    in a separate document—that:

    > (1) information or material responsive to the request has been
    > withheld,
    > (2) the request to which the information or material relates, and
    > (3) the privilege or privileges asserted.

    VWGoA's asserts objections to Interrogatories 5, 6, 7, and 10, on the basis that
    these interrogatories "seek information that is protected from disclosure by the
    attorney-client privilege, the attorney-work-product doctrine or any other
    applicable privilege or immunity." Response at p.17. The State requests a

description of any materials being withheld, and specificity as to which privileges you allege are applicable, in accordance with Tex. R. Civ. P. 193.3.

2. **VWGoA's Responses to Interrogatories 1-4**—VWGoA objects to Interrogatories 1-4 on the grounds that the requests are overly broad, unduly burdensome, and seek information not calculated to lead to the discovery of admissible evidence. Those interrogatories seek basic identifying information about the vehicles your client offered for sale, sold and leased in the state. The requested information is undoubtedly within the possession and control of your client, highly relevant, and discoverable. Please amend your answers and provide the requested information.

3. **VWGoA's Responses to Interrogatories 6 and 7**—VWGoA's responses to Interrogatories 6 and 7 are incomplete. Those responses fail to provide the requested information, and instead, incorporate by reference materials not provided in your response. Please provide a complete response.

4. **VWGoA's Responses to Interrogatories 13 and 14**—Tex. R. Civ. P. 197.1 requires a party to provide information about specific factual or legal assertions when asked in an interrogatory. VWGoA's responses offer only to "state in detail and provide factual support for its legal argument when it moves the Court" to have its motion heard. VWGoA's answer is non-responsive and incomplete. A promise to respond to an interrogatory at an undefined future date is insufficient and fails to comply with the rules.

5. **Verification**—Tex. R. Civ. P. 197.2(d) requires parties to sign and verify responses to interrogatories. VWGoA has not verified its responses, stating that the responses are "based upon the current state of VWGoA's knowledge." We request that you remedy this deficiency.

6. **VWGoA's Response to Requests for Admission 1-6**—Several of VWGoA's responses contain non-sequitur objections that the Requests "expand" 40 C.F.R. § 1803-01, a regulation that is not related to the Request or any Definition in the Request. We request that these objections be removed.

7. **Objections Based on Internal Investigation**—VWGoA objects generally and in several responses on the basis of an ongoing internal "investigation commissioned by the Supervisory Board of Volkswagen AG." This objection is invalid. Thus we request that you withdraw all such objections.

8. **Future objections--**It appears VWGoA continues to seek to reserve the right to lodge additional "future objections", and to that end, continues to assert a number of non-specific objections. Tex. R. Civ. P. 193.2(e) provides that "[a]n objection that is not made within the time required, **or that is obscured by numerous unfounded objections,** is waived unless the court excuses the

waiver for good cause shown." Your answers are inconsistent with TRCP 193.2(e). Thus we request that you amend your answers.

Please note again that this is not an exhaustive list, but merely a list of issues we encourage you to consider prior to our meeting. When we meet, the State will address more particularized issues with regard to each of the discovery requests, and responses, at issue.

I look forward to your response and an opportunity to meet to discuss VWGoA's Responses to the State's discovery requests.

Should you wish to discuss this matter, please do not hesitate to contact me.

Sincerely,

*/s/Patrick K. Sweeten*

Patrick K. Sweeten
Senior Counsel for Civil Litigation
Office of the Texas Attorney General
Patrick.Sweeten@texasattorneygeneral.gov
Telephone:   (512) 463-4139
Facsimile:   (512) 936-0545

# EXHIBIT F


C. VERNON HARTLINE, JR.
vhartline@hdbdlaw.com
direct dial: 214-346-3700
direct fax: 214-267-4200

September 28, 2016

*Via E-mail Patrick.Sweeten@texasattorneygeneral.gov*
Patrick K. Sweeten
Senior Counsel for Civil Litigation
Office of the Attorney General
Environmental Protection Division
P.O. Box 12548 (MC-066)
Austin, Texas 78711-2548

    Re:    IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION

Dear Mr. Sweeten:

    Allow this letter to respond to concerns stated in your September 21, 2016 letter and September 25, 2016 email correspondence.

**Interrogatories 1-4:** VWGoA stands on its objections, but has provided the State access to information produced in the Federal MDL proceeding as to the unobjectionable portion of the Requests. The State should review the cited documents before any further discussion of these Requests.

**Interrogatories 6 and 7:** The rules permit production of documents in lieu of an answer. TRCP 197.2(c). VWGoA is compiling the 208 documents cited in its response and will provide them to the State. The State should review those documents before any further discussion of these Requests.

**Interrogatories 13 and 14:** VWGoA's position is that your claims are preempted by the express preemption provision of section 209(a) of the Federal Clean Air Act.

**Ongoing Investigation and Privilege:** The investigation commissioned by the Supervisory Board of Volkswagen AG *in anticipation of litigation* is ongoing. The Requests that VWGoA has objected to on the basis of privilege are protected by the attorney-client and work product privileges. *See, e.g.,* TRCP 192.5(a)(1)-(2), (b)(1)-(2). We provided a withholding statement for all Requests VWGoA objected to on the basis of privilege that discusses how privilege logs are being disseminated on a rolling basis in tandem with the federal MDL given the millions of

documents produced. Withholding statements specific to each request are not just unduly burdensome, but impossible.

**VWGoA's Involvement:** Many of the State's discovery Requests assume a false premise, i.e., VWGoA designed the subject vehicles, which it did not. This makes any response to those questions misleading. Further, many of the State's Requests treat the allegations in your petition as established fact, including the extent of VWGoA's knowledge of any wrongdoing (which VWGoA denies). Any response to these Requests as phrased would be misleading.

**Verification:** We will send to you in a separate cover.

**Future Objections:** VWGoA agrees to remove the language regarding future objections, but VWGoA is not waiving any right it may have to assert an objection under the Texas Rules of Civil Procedure or applicable case law.

We are continuing to discuss your other concerns with our client to determine whether there is any room for agreement.

Sincerely,

C. Vernon Hartline, Jr.

CVH/ahl

# EXHIBIT G

CAUSE NO. D-1-GN-16-000370

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION: TCAA ENFORCEMENT CASES | § § § § | IN THE DISTRICT COURT |
| THE STATE OF TEXAS, | § § | |
| Plaintiff, | § § | |
| AND | § § | |
| TRAVIS COUNTY, TEXAS | § § | |
| Plaintiff Intervenor | § § | TRAVIS COUNTY, TEXAS |
| v. | § § | |
| VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, LLC | § § § | |
| Defendants. | § § | |
| TRAVIS COUNTY, TEXAS (TRAVIS COUNTY CAUSE NUMBER D-1-GN-15-004513) | § § § | 353rd JUDICIAL DISTRICT |

## DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the following Amended Responses and Objections to Plaintiff's First Set of Interrogatories pursuant to Rule 197 of the Texas Rules of Civil Procedure.

Respectfully submitted,


/s/ C. Vernon Hartline, Jr.
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on September 29, 2016 on the following counsel of record.

*Via E-mail* Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

---

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S**
**SECOND AMENDED RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**                    **PAGE 3**

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

The responses to the Interrogatories ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

**OBJECTIONS APPLICABLE TO ALL REQUESTS**

1. VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing and privileged, and that responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2. VWGoA further objects to the Requests to the extent that they purport to require VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive

information reasonably would be expected to be found. VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

3. VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

(a) seek the discovery of information that is in the possession, custody, or control of third parties;

(b) are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

(c) are not reasonably calculated to lead to the discovery of admissible evidence;

(d) fail to distinguish between distinct corporate entities;

(e) purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

(f) are vague, ambiguous and confusing; and

4. VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any Definition, Instruction or Request that incorporates those terms, on the ground that such terms

and any Definition, Instruction or Request that incorporates them are overly broad, unduly burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

5.     VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

## WITHHOLDING STATEMENT APPLICABLE TO ANY ASSERTION OF PRIVILEGE

VWGoA will provide privilege logs to Lead Counsel for the Consumer Plaintiffs in accordance with the schedule set forth in PTO 16 entered in the Federal MDL Proceeding. To VWGoA's knowledge, it is not withholding any other information or material on the basis of privilege other than the material listed in the logs that will be produced to plaintiffs. However, due to millions of documents produced or potentially discoverable in this matter, there may be additional privileged material identified in the due course of litigation that VWGoA will include in any subsequent privilege logs—if and when identified—in accordance with the schedule set forth in PTO 16. VWGoA will also comply with all provisions of the Protective Order regarding identification and protection of Privileged Material as defined in the Protective Order signed in this case.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

1.     **Please state the following information for each Affected Vehicle sold in the State of Texas by you or your agents or representatives:**
       **The date of sale;**
       **The VIN of the Affected Vehicle;**
       **The name and address of the person who sold the Affected Vehicle; and,**
       **The specific location where the Affected Vehicle was sold.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

       VWGoA objects to and refuses to comply with Interrogatory No. 1 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

2.     **Please state the following information for each Affected Vehicle offered for sale in the State of Texas by you or your agents or representatives:**
       **The date the Affected Vehicle was first offered for sale;**
       **The VIN of the Affected Vehicle;**
       **The name and address of the person who offered the Affected Vehicle for sale; and,**
       **The specific location where the Affected Vehicle was offered for sale.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 2 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

3. **Please state the following information for each Affected Vehicle leased in the State of Texas by you or your agents or representatives:**
   **The date of lease;**
   **The VIN of the Affected Vehicle;**
   **The name and address of the person who leased, as lessor, the Affected Vehicle; and,**
   **The specific location where the Affected Vehicle was leased.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 3 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

4. **Please state the following information for each Affected Vehicle offered for lease in the State of Texas by you or your agents or representatives:**
   **The date the Affected Vehicle was first offered for lease;**
   **The VIN of the Affected Vehicle;**
   **The name and address of the person who offered for lease, as lessor, the Affected Vehicle; and,**
   **The specific location where the Affected Vehicle was offered for lease.**

**ANSWER:** VWGoA has provided current good-faith estimates of available sales and lease information for Affected Vehicles in documents produced in the Federal MDL (Bates stamped VW-MDL2672-00959069 and VW-MDL2672-06547090), to which Plaintiff has access.

VWGoA objects to and refuses to comply with Interrogatory No. 4 to the extent that it calls for information not within the possession, custody or control of VWGoA, is overly broad and unduly burdensome, seeks information that is neither relevant to the claims or defenses of any party to this matter, is not reasonably calculated to lead to the discovery of admissible evidence, or calls for the production of personal information relating to VWGoA's customers.

**5.      Please state the following information for each VW Representative that knew, on or before September 17, 2015, that the Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions. As used in this Interrogatory, VW Representative means (1) any officer, director, or board member of VW; (2) any officer, director, manager, supervisor, or engineer of any division or department of VW that was involved in, or responsible for, the design or modification of emission control equipment for the Affected Vehicles; (3) any officer, director, manager, supervisor, or engineer of any of the following VW divisions, departments, groups, or centers: Electronic Research Lab, Design Center California, Marketing and Strategy Division, Group Quality Division, Test Center California, Technical Center, Engineering and Environmental Office, and Research and Development; and (4) any officer, director, manager, supervisor, or engineer of any division, department, group, or center with responsibility for compliance with environmental laws regarding emission control equipment on Affected Vehicles.**

> **A.      The job title, name, and address (work location) of the VW Representative;**
> **B.      The date on which the VW Representative first became aware that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions; and,**
> **C.      From where or whom the VW Representative learned that any Affected Vehicles were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**ANSWER:** VWGoA objects to and refuses to comply with Interrogatory No. 5 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions." VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. Finally, VWGoA also objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other applicable privilege or immunity.

**6.** **Please explain how the design or modification of the emission control equipment on the Affected Vehicles lowered emissions from the Affected Vehicles during vehicle emission testing when compared to actual driving conditions.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to Requests for Information from the EPA pursuant to section 208 of the federal Clean Air Act (the "208 Requests"), which will be made available to Plaintiff.

VWGoA objects to and otherwise refuses to comply with Interrogatory No. 6 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory to the extent it seeks information that is not in VWGoA's possession, custody or control. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "vehicle emission testing," and "actual driving conditions."

**7.** **For each of the Affected Vehicles, please state by how much the amount of NOx emitted during vehicle emission testing varied from the amount of NOx emitted during actual driving conditions. Please respond for each model and year of Affected Vehicles (rather than for each individual Affected Vehicle). If you contend that the amount varied depending on differences in actual driving conditions, please explain the range and circumstances of the variation.**

**ANSWER:** VWGoA refers to and incorporates by reference certain of its preliminary responses to the 208 Requests, which will be made available to Plaintiff.

VWGoA objects to Interrogatory No. 7 to the extent that it seeks expert opinion and testimony or material protected by the attorney-work-product doctrine. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "vehicle emission testing," and "actual driving conditions."

**8.** **Were the Affected Vehicles equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions?**

**ANSWER:** VWGoA states that the software algorithm installed in the Affected Vehicles can identify when behavior similar to that experienced when a testing procedure is underway and that software algorithms may affect emissions.

VWGoA objects to and otherwise refuses to comply with Interrogatory No. 6 to the extent it seeks information that is not in VWGoA's possession, custody or control. VWGoA further objects to this Interrogatory to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

**9.      Please explain why emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was installed in the Affected Vehicles?**

**ANSWER:** VWGoA refers Plaintiff to its responses to Interrogatory Nos. 5 and 6.

**10.     Please provide the following information for each person known to you to have been terminated or disciplined (or who resigned or retired in lieu of termination or discipline) as a result of the design or use in Affected Vehicles of emission control equipment that had been designed or altered so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

> **A.      The name, job title, and former employer of the person.**
> **B.      Describe the person's involvement in the design or use in Affected Vehicles of emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**ANSWER:** No VWGoA employee has been terminated or disciplined as a result of the allegations directed to the Affected Vehicles' emission-control equipment. Mr. Michael Horn, the former CEO of VWGoA, has left the employ of VWGoA.

VWGoA otherwise objects to Interrogatory No. 10 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA also objects to the Interrogatory on the ground that it seeks the discovery of information that is in the possession, custody, or control of third parties. VWGoA further objects to the Interrogatory on the ground that it is a premature contention interrogatory and purports to require VWGoA to draw legal conclusions and to provide a response predicated on legal conclusions or arguments. VWGoA also further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider

investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing and privileged, and that a response to this Interrogatory at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work-product doctrine or any other applicable privilege or immunity. VWGoA further objects to this to the extent the Interrogatory purports to require the VW Entities to speculate as to the mental state of individuals or seeks information that is not in the possession, custody or control of the VW Entities. VWGoA further objects on the ground that the Interrogatory calls for the production of personal and private information relating to VWGoA's employees. Finally, VWGoA further objects to this Interrogatory as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "emission testing procedures," and "actual driving conditions."

VWGoA will supplement, correct, clarify, amend or modify its Response to Interrogatory No. 10 to any portion of the Request that is not objectionable as additional information becomes available.


**11.     Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 2.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.**

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA Interrogatory No. 11 and refuses to comply with this Request on the grounds because it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

**12.** Please state the amount of gross profit you made from the sale, or offering for sale, and lease, or offering for lease, in the State of Texas of any Affected Vehicle with a 3.0 liter TDI engine. In your response, please state the gross profit according to Generally Accepted Accounting Principles developed and established by the Financial Accounting Foundation's standard-setting Boards, the Financial Accounting Standards Board and the Governmental Accounting Standards Board, or an alternative generally accepted accounting methodology recognized by the international financial community for the public reporting of financial information.

**ANSWER:** VWGoA states that this information is not specifically maintained for vehicles sold in the state of Texas.

VWGoA objects to Interrogatory No. 12 on the grounds that it is overly broad, unduly burdensome, because it imposes a burden or expense on the VW Entities that outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. VWGoA further objects to this Interrogatory on the ground that it calls for an expert opinion and calls for a legal conclusion. VWGoA further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the discovery of admissible evidence. VWGoA further objects to this Interrogatory to the extent that it could be construed to require the VW Entities to seek information that is in the possession, custody or control of third persons or entities unaffiliated with the VW Entities. The VW Entities further object to this Interrogatory on the grounds that it calls for the production of information or documents that reflect trade secrets or other information that is confidential, proprietary, commercially sensitive or competitively significant, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

**13.** In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed because they are preempted and barred by the Federal Clean Air Act.

**ANSWER**: 42 U.S.C. § 7543(a) (Clean Air Act § 209), provides that: "No State or any political subdivision thereof shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicle engines subject to this part." The instant action, which involves allegations that certain diesel vehicles were designed and manufactured to include "defeat devices" that allegedly impacted the vehicles' nitrogen oxide emissions, is an attempt by the State of Texas to enforce standards "relating to the control of emissions from new motor vehicles or new motor vehicle engines," and is therefore expressly preempted.

In addition, the action is impliedly preempted because Federal law occupies the field of new motor vehicle emissions, and this action (and others like it) would stand as an obstacle to the fulfillment of Congress's objectives in enacting Title II of the CAA.

**14.    In accordance with Rule 197.1, please state the legal theories and describe in general the factual bases for your defense that Plaintiff's claims should be dismissed or abated by virtue of primary jurisdiction of the United States Environmental Protection Agency.**

**ANSWER:** The doctrine of "primary jurisdiction" provides that when a case raises issues beyond a court's ordinary experience but within an agency's special competence, the court "may 'refrain from exercising its jurisdiction until after an administrative agency has determined some question or some aspect of some question arising in the proceeding before the court.'" *Penny v. Southwestern Bell Tel. Co.*, 906 F.2d 183, 187 (5th Cir. 1990). Congress has assigned exclusive jurisdiction over the adoption and enforcement of emission standards from new motor vehicles to the federal Environmental Protection Agency. That agency has not completed its work with regard to the alleged installation of "defeat devices" in certain Volkswagen, Audi, and Porsche vehicles. This matter should therefore be stayed, abated, or dismissed until the EPA has completed its work.

| | | |
|---|---|---|
| IN RE VOLKSWAGEN CLEAN DIESEL LITIGATION: TCAA ENFORCEMENT CASES | § § § § | IN THE DISTRICT COURT |
| THE STATE OF TEXAS, | § § | |
| Plaintiff, | § § | |
| AND | § § | |
| TRAVIS COUNTY, TEXAS | § § § | |
| Plaintiff Intervenor | § § | TRAVIS COUNTY, TEXAS |
| v. | § § § | |
| VOLKSWAGEN GROUP OF AMERICA, INC.; AUDI OF AMERICA, LLC | § § § | |
| Defendants. | § § | |
| TRAVIS COUNTY, TEXAS (TRAVIS COUNTY CAUSE NUMBER D-1-GN-15-004513) | § § § | 353rd JUDICIAL DISTRICT |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S SECOND AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

COMES NOW, Defendant Volkswagen Group of America, Inc. ("VWGoA") serves the following Amended Responses and Objections to Plaintiff's Requests for Admissions pursuant to Rule 198 of the Texas Rules of Civil Procedure.

Respectfully submitted,

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas  75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax

And

**JEFFREY L. CHASE**
NY State Bar No. 1002203
jchase@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**MICHAEL B. GALLUB**
NY State Bar No. 2141851
mgallub@herzfeld-rubin.com
*(pro hac vice motion to be filed)*

**HERZFELD & RUBIN, P.C.**
125 Broad Street
New York, New York 10004
212-471-8459
212-344-3333 fax

And

**ROBERT J. GIUFFRA, JR.**
New York State Bar 2309177
giuffrar@sullcrom.com
**SHARON L. NELLES**
New York State Bar 2613073
nelless@sullcrom.com
**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANTS VOLKSWAGEN GROUP OF AMERICA, INC., AUDI OF AMERICA, LLC AND VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email in compliance with the Texas Rules of Civil Procedure on September 29, 2016 on the following counsel of record.

*Via E-mail* Patrick.Sweeten@texasattorneygeneral.gov
Patrick Sweeten
Office of the Attorney General
Consumer Protection Division
P.O. Box 12548
Austin, TX 78711

---

*Via E-mail* craigpatrick@att.net
Craig M. Patrick
6244 E. Lovers Lane
Dallas, Texas 75214

*Via E-mail* rmithoff@mithofflaw.com
Richard Mithoff
One Allen Ctr. - Penthouse
500 Dallas St.
Houston, TX 77002

*Via E-mail* Darren.McCarty@alston.com
Darren L. McCarty
Alston & Bird LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201

*Via E-mail* brett.solberg@dlapiper.com
Brett Solberg
William Kiniry, Jr
DLA Piper LLP (US)
1000 Louisiana Street, Suite 2800
Houston, Texas 77002

*Via E-mail* mwalters@jw.com
Mark Lewis Walters
Jackson Walker LLP
100 Congress Ave., Suite 1100
Austin, TX 78701


*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**

## PRELIMINARY STATEMENT

The responses to the Requests for Admission ("Requests") are made with specific regard to the laws of the State of Texas, the Texas Rules of Civil Procedure and the specific facts of this case and are not applicable to other cases, facts or circumstances or the rules and laws of any other state or jurisdiction concerning discovery or theories of causes of action.

Counsel for VWGoA has drafted these responses based upon the current state of VWGoA's knowledge and/or information regarding the information Plaintiff has requested. VWGoA's discovery, investigation, and analysis of this matter are continuing.

VWGoA is available to meet and confer with respect to these Responses, should counsel for Plaintiff wish to do so.

## OBJECTIONS APPLICABLE TO ALL REQUESTS

1. VWGoA objects to the Requests insofar as investigation concerning the subject matter of the Requests, including the independent investigation commissioned by the Supervisory Board of Volkswagen AG, the parent company of VWGoA, is ongoing. In light of the ongoing investigation, VWGoA states that information known or readily available may be insufficient to enable VWGoA to fully respond to the Requests at this time. In addition, VWGoA interposes below objections to some Requests on the ground that the investigation commissioned by the Supervisory Board is ongoing, and that responses to those Requests at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed.

2. VWGoA further objects to the Requests to the extent that they purport to require VWGoA to conduct anything beyond a reasonable and diligent search for readily accessible information from readily accessible sources (including electronic sources) where responsive

information reasonably would be expected to be found. VWGoA also objects to the Requests to the extent that they purport to require VWGoA to admit or deny facts based on the existence or absence of information that is not or would not be centrally maintained at VWGoA by, or on behalf of, persons believed to have significant involvement in the events at issue in the action, or is not available from VWGoA's current employees.

3. VWGoA objects to the defined terms "You", "Your", and "VW" and to any Definition, Instruction or Request that incorporates those Definitions, on the ground that such Definitions and any such Definition, Instruction, or Request

      (a)    seek the discovery of information that is in the possession, custody, or control of third parties;

      (b)    are overly broad, unduly burdensome, and call for information that is neither relevant to the claims or defenses of any party to, or the subject matter of, the action, and seek;

      (c)    are not reasonably calculated to lead to the discovery of admissible evidence;

      (d)    fail to distinguish between distinct corporate entities;

      (e)    purport to require VWGoA to discern or inquire about relationships between or among entities that are not affiliated with VWGoA;

      (f)    are vague, ambiguous and confusing; and

4. VWGoA objects to the undefined terms "Showing," "Reflecting," "Relate," "Related," "Referring to," "Relating to," "Identify" and "Documents" and "Records," and to any Definition, Instruction or Request that incorporates those terms, on the ground that such terms and any Definition, Instruction or Request that incorporates them are overly broad, unduly

burdensome, and vague and ambiguous. Further, VWGoA objects to the undefined terms "representative," "agent," "emission control equipment," "emission testing procedures," "vehicle emission testing," "lowered emissions," and "actual driving conditions" on the grounds that such terms and any Definition, Instruction or Request that incorporates them are vague, ambiguous, unintelligible and without a clear meaning. Subject to and without waiving these Objections, in responding to the Requests, VWGoA will construe these terms consistently with their usual and generally accepted meaning of the words and phrases in the English language.

5. VWGoA objects to the defined term "Affected Vehicles" and to any Definition, Instruction or Request that incorporates it. The term erroneously references vehicles that do not exist or do not have TDI engines. Affected Vehicles should be defined as, and a correct list of Affected Vehicles should only include, the below vehicles:

- 2.0L vehicles: VW Jetta (2009-2015); VW Jetta SportWagen (2009-2014); VW Beetle (2013-2015); VW Beetle Convertible (2013-2015); Audi A3 (2010-2013 and 2015); VW Golf (2010-2015); VW Golf SportWagen (2015); and VW Passat (2012-2015), and

- 3.0L vehicles: Volkswagen Touareg (2009-2016); Audi A6 quattro (2014-2016); Audi A7 quattro (2014-2016); Audi A8L (2014-2016); Audi Q5 (2014-2016); Audi Q7 (2009-2015).

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

**1.     You equipped the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 1 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Request at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803-01.

**2.     Your equipping the Affected Vehicles with 2.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 2 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Request at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**3.     You equipped the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when**

**compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 3 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Request at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**4.      Your equipping the Affected Vehicles with 3.0 Liter TDI engines with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions was an intentional decision made by you.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 4 on the grounds that it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous and that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. VWGoA further objects on the ground that the investigation at VWGoA into the subject matter of this action, which is part of the wider investigation commissioned by the Supervisory Board of Volkswagen AG, is ongoing, and that a response to this Request at this time would unduly burden and be disruptive of that investigation, and be premature in that all of the available evidence has not yet been fully analyzed. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**5.      The Affected Vehicles with 2.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 5 on the ground that it would require

VWGoA to admit or deny based on information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01.

**6.     The Affected Vehicles with 3.0 Liter TDI engines were equipped with emission control equipment that had been designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 6 on the ground that it would require VWGoA to admit or deny based on information that is in the possession, custody, or control of third parties. VWGoA further objects to the extent that the Request purports to require VWGoA to draw legal conclusions. VWGoA further objects to this Request as vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," and "actual driving conditions." VWGoA further objects to this Request to the extent it purports to expand the definitions set forth in 40 C.F.R. § 1803 01. Finally, VWGoA also objects to the extent the Request seeks information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity.

**7.     You sold in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**8.     You sold in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it sold Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**9.     You offered for sale in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**10.     You offered for sale in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:**   VWGoA admits this Request to the extent it offered for sale Affected Vehicles solely to authorized VW and Audi dealerships in the State of Texas.

**11.     You leased in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.

**12.     You leased in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.

**13.     You offered for lease in the State of Texas Affected Vehicles with 2.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.

**14.     You offered for lease in the State of Texas Affected Vehicles with 3.0 Liter TDI engines.**

**RESPONSE:** VWGoA denies this Request.

**15.     As of June 3, 2016 you have not disabled or removed emission control equipment from the Affected Vehicles with 2.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets, roads, and/or highways.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 15 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "emission control equipment," "lowered emissions," "actual driving conditions," "disabled" and "removed."

**16.     As of June 3, 2016, you have not disabled or removed emission control  equipment from the Affected Vehicles with 3.0 Liter TDI engines that was designed or modified so that the emission control equipment resulted in lowered emissions during emission testing procedures when compared to actual driving conditions when operated on Texas streets,**

**roads, and/or highways.**

**RESPONSE:**

VWGoA objects to Request for Admission No. 16 on the grounds that it is vague, ambiguous and undefined insofar as it fails to define or explain the phrases "lowered emissions," and "actual driving conditions."

# EXHIBIT H



October 17, 2016

*Via email*

Mr. C. Vernon Hartline, Jr.
Hartline Dacus Barger Dreyer LLP
8750 N. Central Expy., Ste. 1600
Dallas, Texas 75231

Re:   *In Re Volkswagen Clean Diesel Litigation: TCAA Enforcement Cases*, Cause
      No. D-1-GN-16-000370, pending in the 353rd District Court of Travis County,
      Texas

Dear Mr. Hartline:

We have had the opportunity to review your Second Amended Responses to the
State's First Set of Interrogatories and Requests for Admissions. Despite the
amendments, VWGoA's responses remain deficient. We have written multiple letters
regarding this issue, yet many of the same deficiencies remain unaddressed. In this,
our third letter, I will again address the specific deficiencies in your responses:

## I.    General Objections

**a.**   **Privilege**— As a preliminary matter, VWGoA continues to object on the
basis of privilege in contravention of Rule 193.2(f) of the Texas Rules of
Civil Procedure, which states that parties should not object to written
discovery on the basis of privilege, but rather they should comply with
Rule 193.3. Please remove these objections, describe any materials being
withheld under these privileges, and specify which privilege you believe
apply, in accordance with Tex. R. Civ. P. 193.3.

**b.**   **Objections Based on Internal Investigation**—VWGoA objects
generally and in several responses on the basis of an ongoing internal
"investigation commissioned by the Supervisory Board of Volkswagen
AG." The facts concerned in these requests existed long before the
formation of this internal investigation by Volkswagen AG, and a
subsequent investigation does not cast a protective privilege blanket
over their existence. This is not a valid objection and we request that
you withdraw all such objections and provide a substantive response.

**II.    Interrogatories**

    **a.    VWGoA's Responses to Interrogatories 1-4**—, The documents referenced in your response do not contain all of the requested information, as such they are incomplete. VWGoA should provide complete responses to these interrogatories. VWGoA also should remove its objections to the relevance of these requests because the facts concerned are clearly relevant to the litigation. The State also requests the removal of objections that suggest the interrogatory calls for personal information relating to VWGoA's customers because it does not. Further, VWGoA fails to identify which parts of the request it believes calls for personal information relating to its customers.

    **b.    VWGoA's Responses to Interrogatories 6 and 7**—While the rules do permit production of documents in lieu of an answer, you must actually produce those documents. Please provide the requested documents as required.

    **c.    VWGoA's Response to Interrogatory 8**—VWGoA's response contains a non-sequitur objection that the Interrogatory "expands" 40 C.F.R. § 1803-01, a regulation that is not related to the Interrogatory or any Definition in the Requests. We request that this objection be removed.

    **d.    VWGoA's Responses to Interrogatories 13 and 14**—Tex. R. Civ. P. 197.1 requires a party to provide information about specific factual or legal assertions when asked in an interrogatory. VWGoA's responses offer only to "state in detail and provide factual support for its legal argument when it moves the Court" to have its motion heard. Such a response is non-responsive and incomplete. A promise to respond to an interrogatory at an undisclosed future date is insufficient to comply with the rules. The State is also entitled to know the basis for your defense because you have pleaded it. The State is not required to wait for that information until Defendants actually "moves the Court."

**III.    Requests for Admission**

    **VWGoA's Response to Requests for Admission 1-6**—Several of VWGoA's responses continue to contain non-sequitur objections that the Requests "expand" 40 C.F.R. § 1803-01, a regulation that is not related to the Request or any Definition in the Request. We request that these objections be removed and that you provide a response.

We are happy to discuss our continuing concerns with you. However, we have now written multiple letters addressing these matters. Thus we intend to

address these matters with the Court if they are not resolved. Please let us know if you wish to schedule a call to further discuss these matters.

Sincerely,

*/s/Patrick K. Sweeten*
Patrick K. Sweeten
Senior Counsel for Civil Litigation
Office of the Texas Attorney General
Patrick.Sweeten@texasattorneygeneral.gov
Telephone:   (512) 463-4139
Facsimile:    (512) 936-0545

# EXHIBIT I



November 18, 2016

*Via email*

Mr. C. Vernon Hartline, Jr.
Hartline Dacus Barger Dreyer LLP
8750 N. Central Expy., Ste. 1600
Dallas, Texas 75231

Re:  *In Re Volkswagen Clean Diesel Litigation: TCAA Enforcement Cases*, Cause
     No. D-1-GN-16-000370, pending in the 353rd District Court of Travis County,
     Texas

Dear Mr. Hartline:

We received your letter of October 25, 2016.

Your letter fails to address a single concern related to VWGoA's Responses to the
State's Request for Production as outlined in our October 17, 2016 letter.

While your letter purports to address some issues raised in VWGoA's Second
Amended Responses to the State's First Set of Interrogatories and Requests for
Admissions, your client's responses remain inadequate. Therefore, we write again to
raise our concerns regarding VWGoA's Responses to VWGoA's Second Amended
Responses to the State's First Set of Interrogatories and Requests for Admissions and
the State's Requests for Production.

Our specific concerns regarding VWGoA's Responses to VWGoA's Second Amended
Responses to the State's First Set of Interrogatories and Requests for Admissions
include the following:

**VWGoA's Responses to Interrogatories 6 and 7: You indicated that
documents in the VW Repository are responsive.** To the extent that your
responses attempt to incorporate by reference any documents previously produced
in the Federal MDL proceeding, the State seeks the following information:

- Provide reference to specific documents, by bates label, which you believe
  to be responsive to that particular Request;
- If it is your position that any of the State's Requests are duplicative of any
  other discovery request in this case, or to a discovery request propounded
  on that Defendant in the Federal MDL Proceeding, please provide a copy of

the request which you believe has been duplicated by the State's request, as required by the Pre-Trial Coordination Order (Paragraph D.4.); and

- The reference should not be to a range of documents which may or may not be responsive to the request. Instead the reference should include specific documents you represent *are* responsive to the request. Further it is unclear why Interrogatories 6 and 7 reference such an excessively large numbers of documents.

**VWGoA's Responses to Interrogatories 1-4** – Our prior letter outlined the deficiencies in your responses to Interrogatories 1-4. Those Interrogatories request:

1. the date of sale,
2. the VIN of the Affected Vehicle,
3. the name and address of the person who sold the Affected Vehicle, and
4. the specific location where the Affected Vehicle was sold.

Your response provides reference to two documents identified by bates label, each of which contain some elements of the requested information. However, neither of these documents contain all of the information requested in Interrogatories 1-4.

In particular, VW-MDL2672-00959069 fails to provide:

1. the address of the person who sold the Affected Vehicle, and
2. the specific location where the Affected Vehicle was sold. While the state is provided, please provide an address of the dealership of original sale.

Further, the second referenced document, VW-MDL2672-06547090 fails to provide:

1. the name and address of the person who sold the vehicle, and
2. the specific location where the Affected Vehicle was sold.

The information requested above is discoverable, and you have not justified VWGoA's failure to provide the information.

As noted, since you have not addressed our October 17, 2016 letter, we also request VWGoA's Responses to the State's Request for Production.

The State has attempted to amicably address discovery matters in its letters of September 13, September 21, and October 17. In each of those letters we have requested a conference call to discuss these matters. You have not accepted any of those dates.

Paragraph G.1. of the Pre-Trial Coordination Order entered in this MDL requires a voice-to-voice conference before the filing of a discovery motion, except in the case that a party has been unable to achieve such a conference after reasonable efforts.

In light of that requirement, we request a conference to discuss these matters at any of the following times:

Monday, November 21 at 1 p.m.

Tuesday, November 22nd at 2:00pm

Wednesday, November 23rd at 10 a.m.

 Let me know which one of the above dates will work for you.  We can send you dialing instructions for the call.

Sincerely,

*/s/Patrick K. Sweeten*
Patrick K. Sweeten
Senior Counsel for Civil Litigation
Office of the Texas Attorney General
Patrick.Sweeten@texasattorneygeneral.gov
Telephone:   (512) 463-4139
Facsimile:    (512) 936-0545